Jack F. KIRBY, Jr., Plaintiff-Appellant,

v.

Elizabeth DOLE, Secretary, United States Dept. of Transportation; J. Lynn Helms, Administrator, U.S. Federal Aviation Administration; Robert L. Goodrich, Chief, Flight Standards National Field Office, Defendants-Appellees.

No. 83–8600.

United States Court of Appeals, Eleventh Circuit.

July 17, 1984.

Dana E. McDonald, Atlanta, Ga., for plaintiff-appellant.

Douglas P. Roberto, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Jack F. Kirby, Jr., challenges the decision of the district court granting summary judgment in favor of Elizabeth Dole, Secretary of Transportation, in this action based upon the settlement agreement resolving appellant's age discrimination claim against the government, brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621 et seq.[1]  For the reasons set out below, we affirm.

\*        \*        \*        \*        \*        \*

On April 20, 1982, appellant and the Federal Aviation Administration ("FAA"), then his employer, entered into a settlement agreement resolving the claims pressed in appellant's July 31, 1980 complaint, filed with the agency and alleging that the FAA had discriminated against him on account of age and in retaliation for his having previously filed an age discrimination claim that was resolved in his favor.[2]  Appellant and the FAA reached agreement immediately prior to the commencement of a hearing before the Equal Employment Opportunity Commission ("EEOC").

The settlement agreement required appellant to withdraw his complaint against the FAA and in return required the agency to provide appellant a four-part training program to rectify in part the continuing effect of the agency's prior failure to provide appellant training that he should have received pursuant to the resolution of his earlier discrimination claim against the agency.  The training, if successfully completed, would enable appellant to fly the FAA Sabreliner aircraft used by the agency in inspecting airport navigational systems.  Appellant completed the first three phases of the training program.  At the conclusion of the third phase, the FAA notified appellant that the agency would not permit him to complete the fourth and final part of his training.  The government does not contest that in doing so it breached the settlement agreement.

Upon notice of the FAA breach, appellant invoked paragraph 5 of the settlement agreement, which provided that in the event of a breach by the FAA, the agency, upon written request of appellant, would reinstate his complaint for further processing from the point at which processing ceased when the settlement agreement was

1.  The government filed with the district court a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). When, on a Rule 12(b)(6) motion, matters outside the pleadings are presented to the trial judge and not excluded, the motion is to be treated as one for summary judgment.  Fed.R. Civ.P. 12(b); *Finn v. Gunter,* 722 F.2d 711, 713 (11th Cir.1984).  The trial court here correctly converted to summary judgment the government's motion to dismiss.

2.  Mr. Kirby filed an administrative complaint against the FAA in 1977.  He alleged that the agency's decision to fire him in January 1977 violated the ADEA.  A decision was rendered in his favor on January 26, 1979.  Mr. Kirby was restored to the FAA payroll on April 9, 1979. The present case was filed after Mr. Kirby alleged that the FAA had failed to comply with the 1979 decision.

entered.[3] Thus, when the FAA breached the settlement agreement, appellant reinstated his complaint for further processing by the EEOC.

Appellant also filed this action in federal district court, seeking damages, specific enforcement of the promise to provide training, and other relief from the injuries incurred as a result of the FAA's breach.[4] The government moved to dismiss appellant's federal suit for lack of jurisdiction over the subject matter, Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, Fed.R. Civ.P. 12(b)(6). Appellant subsequently moved for a partial summary judgment pursuant to Fed.R.Civ.P. 56.

The district court granted the government's motion, converting it into one for summary judgment, and simultaneously denied appellant's motion for partial summary judgment. The court concluded that under both the ADEA and the terms of the settlement agreement, appellant was required to proceed administratively rather than in federal district court in seeking the requested relief. Citing *Purtill v. Harris,* 658 F.2d 134 (3d Cir.1981), *cert. denied,* — U.S. ——, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1982), the court determined that the ADEA requires a complainant who has initiated an administrative complaint to exhaust his administrative remedies before proceeding in federal court. The court concluded that appellant here has not exhausted his administrative remedies because his administrative complaint has been reinstated, and final administrative action has not yet been taken. Additionally, the court stated that, even if it were to decide appellant's claim based on the settlement agreement, it would provide no more relief than

appellant already has received, reinstatement of his administrative complaint, because the settlement agreement explicitly provides for that relief in the event of a breach by the FAA.

\*        \*        \*        \*        \*        \*

■ In this appeal, Kirby argues that the district court erred in concluding that because the settlement agreement explicitly provided for reinstatement upon breach, reinstatement was the exclusive contract remedy available to him. He relies on the principle of general contract law to the effect that the explicit provision in a contract providing a particular remedy for a party's breach of the contract does not render that remedy exclusive of all remedies otherwise available for the breach. *See, e.g., United States v. Paddock,* 178 F.2d 394, 396 (5th Cir.1949), *cert. denied,* 340 U.S. 813, 71 S.Ct. 41, 95 L.Ed. 597 (1950). Kirby argues that the determination whether the remedy explicitly provided by the contract is exclusive turns on the intent of the parties to the contract and that no such intent is manifested in this case.

Kirby also argues that the district court erred in applying the exhaustion requirement adopted by the Third Circuit in *Purtill.* He contends that such a requirement, not expressly provided by the ADEA itself, is contrary to the policies behind the statute.

Appellant's argument misses the mark. Reinstatement of his complaint is appellant's only remedy for the government's breach of the settlement agreement in this case. This result is mandated not by an exhaustion requirement, nor by our interpretation of the settlement agreement as providing reinstatement as the exclusive

---

**3.** Paragraph 5 of the settlement agreement provides:

> That should the Federal Aviation Administration fail to adhere to the terms of this Agreement, upon the written request of Mr. Jack F. Kirby, the Federal Aviation Administration shall reinstate the complaint for further processing from the point processing ceased pursuant to the terms of this Agreement.

**4.** In Count I, appellant sought, under the ADEA itself, specific enforcement of the settlement agreement, back pay and an additional amount as liquidated damages, pursuant to 29 U.S.C.A. §§ 626(b) and 216(b). In Count II, appellant sought issuance of a writ of mandamus and declaratory relief, stating that the FAA's action was arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C.A. § 706. Finally, Count III requested damage relief under the Tucker Act, 28 U.S.C.A. § 1346(a)(2).

remedy,[5] but rather by the established principle that one who agrees to settle his claim cannot subsequently seek both the benefit of the settlement and the opportunity to continue to press the claim he agreed to settle. *See Strozier v. General Motors Corporation,* 635 F.2d 424 (5th Cir.1981) (per curiam); *United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).[6]

In *Strozier,* the plaintiff filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e–2000e–17, and 42 U.S.C.A. § 1981, claiming that his employer took certain allegedly discriminatory action against him. 635 F.2d at 425. The district court granted the employer's motion for summary judgment on the ground that the plaintiff had previously settled his discrimination claims. *Id.* The former Fifth Circuit affirmed. *Id.* In reaching its holding, the Court rejected the proposition that " 'an aggrieved employee who freely settles his or her unliquidated demand with the employer ... may reciprocate by suing the same defendant at a later date on the same cause of action, merely because the employee grows dissatisfied with the payment for which he or she settled'." *Id.* at 426 (quoting *Allegheny-Ludlum, supra,* at 858).

This case is different from *Strozier* because appellant's federal suit does not strictly present the same cause of action as that presented by the original complaint; he seeks here enforcement of the settlement agreement rather than a determination of his right to relief from the FAA's alleged discrimination. Nevertheless, this case presents the same problem that the Court faced in *Strozier.* Appellant here seeks both the benefit of his settlement bargain, which required him to withdraw his original complaint, and the right to continue to press the claims raised in his original complaint.

The settlement agreement explicitly provided that if the FAA breached the agreement, *"upon the written request of Mr. Jack F. Kirby,* the Federal Aviation Administration shall reinstate the complaint for further processing...."* (Emphasis added). It is undisputed that appellant requested and received reinstatement of his complaint. He might have chosen otherwise. Without reinstating his complaint, appellant might have chosen to file suit in federal court, seeking an appropriate remedy for the government's breach. *Cf. EEOC v. Liberty Trucking Company,* 695 F.2d 1038, 1041 (7th Cir.1982) (federal court had jurisdiction over action brought by EEOC seeking enforcement of conciliation agreement resolving Title VII claim); *Fulgence v. J. Ray McDermott & Company,* 662 F.2d 1207, 1209 (5th Cir.1981) (per curiam) (nonbinding) (federal law determines validity of oral settlement agreements in employment discrimination actions brought pursuant to Title VII). Appellant's decision to invoke the term of the settlement agreement that permitted him to reinstate his original claim necessarily involved a decision to forego whatever other remedies might have been available to him had he sued on the settlement agreement without reinstating his complaint. Were this not so, the evil condemned by *Strozier*—pursuit of both the settlement bargain and the claim purportedly settled—would be resurrected in this case.

\*     \*     \*     \*     \*     \*

For these reasons, we AFFIRM the decision of the district court granting summary judgment in favor of the defendants-appellees.

---

**5.** Were we to base our decision on an interpretation of the settlement agreement itself, we might well conclude that the provision in question established the exclusive remedy for the FAA's breach. However, for the reasons articulated below, we find it unnecessary to reach this question.

**6.** The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent, which is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).