**Joseph A. FAUSTO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 689–87C.

United States Claims Court.

May 12, 1989.

Joseph A. Fausto, Arlington, Va., pro se.

Robert A. Reutershan, with whom was Asst. Atty. Gen. John R. Bolton, Washington, D.C., for defendant.

OPINION

RADER, Judge.

Invoking 28 U.S.C. § 1491 (1982), plaintiff seeks to enforce a settlement agreement. The settlement resolved discrimination claims brought by plaintiff against his former employer, the United States Department of Agriculture (USDA). Under the settlement agreement, plaintiff resigned his position in exchange for a lump sum

payment and other benefits. Because USDA did not supply a document verifying his resignation, plaintiff sued for breach of the settlement agreement.

Defendant moved to dismiss under RUSCC 12 because the United States Claims Court lacks jurisdiction over discrimination claims. Plaintiff opposed the motion. This court must determine its jurisdiction to hear claims arising from a settlement agreement under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1982). After oral argument, this court grants defendant's RUSCC 12(b)(1) motion and dismisses plaintiff's claims for lack of subject matter jurisdiction.

## FACTS

Plaintiff first filed his sex discrimination claim as an administrative complaint on May 13, 1986. Later, while the administrative action was still pending, plaintiff filed a civil action in the United States District Court for the District of Columbia. *Fausto v. Lyng*, Civil Action No. 86–3505 (D.D. C.1986). This lawsuit sought redress for the same equal employment opportunity claims. On March 4, 1987, before trial, the parties entered into a settlement agreement resolving plaintiff's claims of discrimination against USDA.

The settlement agreement created obligations for both parties. Defendant agreed to seal some of plaintiff's personnel records, upgrade plaintiff's performance appraisals to "acceptable," promote plaintiff retroactively, and pay plaintiff $8,385.00. Plaintiff agreed to resign, seek new employment outside USDA, withdraw with prejudice all pending suits against USDA, refrain from filing new actions based on the same grievances, and waive further damages. The March 4, 1987 agreement further stated that any breach by USDA would permit Mr. Fausto to "reinstate the complaints at the stage where they were withdrawn."

In a letter dated August 27, 1987, plaintiff requested USDA to reinstate his claim.[1] As grounds for the request, plaintiff asserted that USDA did not provide him with a Form 50, Official Notice of Resignation.[2] Plaintiff alleged in his August 27 letter that absence of the Form 50 "had prejudiced him in that he has been completely unsuccessful in obtaining another federal position."

USDA requested further information from plaintiff about the alleged breach. Plaintiff responded:

[O]n September 4, 1987, plaintiff provided the agency with a listing of 178 Federal positions for which he had applied since his resignation, and stated in an accompanying letter that he was unable to specify how he was harmed by his 'separation document' ... because he was "aware of no such 'separation document' ".....

Pl. Brief filed Sept. 19, 1988, at 2. Plaintiff alleged that USDA's failure to provide the Form 50 had prejudiced his efforts to gain other employment with the Government.[3]

On September 24, 1987, the Peace Corps hired plaintiff. As of oral argument on

---

1. Plaintiff argued that USDA "did nothing" for nearly a year in response to this request to reinstate the former action:

   The Court: Th[e] settlement [as] read by the Court seems to provide a remedy. Have you sought that remedy?

   Mr. Fausto: If you are referring to the reinstatement of the Plaintiff's Title 7 discrimination complaint against the agency, the Plaintiff did exhaust that remedy. That is he filed a request with the Defendant agency some time in August of 1987 to reinstate his complaint.

   The Defendant agency did nothing until almost one year later. By that time this suit had already been brought.

   Transcript of Proceedings, No. 689–87C, Apr. 11, 1989, at 19.

2. Plaintiff stated: "The underlying breach was the failure to provide an official notice of the resignation...." Transcript of Proceedings, No. 689–87C, Apr. 11, 1989, at 20.

3. During oral argument, plaintiff stated his claim succinctly:

   Mr. Fausto: [I] believe that it was due to the agency's [failure to provide the Form 50] that I would be—or I should have the right to receive what was implied in the settlement agreement. That is, that I would leave the agency with a clean record and without prejudice to my freedom to take advantage of other Federal employment opportunities.

   Transcript of Proceedings, No. 689–87C, Jan. 24, 1989, at 11.

April 11, 1989, plaintiff still occupied his position with the Peace Corps. On September 25, 1987, a day after the Peace Corps hired plaintiff, USDA issued the Form 50. According to plaintiff, this particular Form 50 was inadequate because it "excluded the reasons" for the resignation. Pl. Brief filed Jan. 17, 1989, at 2.

While plaintiff's initial appeal of USDA's decision was pending, plaintiff instituted this action in the Claims Court on November 6, 1987.[4] Administrative action on the complaint, however, was far from complete. On July 21, 1988, USDA denied plaintiff's request to reopen the discrimination action. On August 2, 1988, plaintiff filed an appeal with the Equal Employment Opportunity Commission (EEOC).

On November 21, 1988, EEOC affirmed USDA's final decision. The Commission stated:

> We find no substantive evidence that the agency [USDA] breached the March 1987 settlement agreement. The gist of appellant's claim was that the agency's action of not providing him with an official resignation letter resulted in his nonselection to other federal positions. The appellant, however, has failed to submit any evidence that the agency's action affected his selection for other federal jobs. In any event, the Commission notes that the agreement did not specifically call for appellant receiving an official personnel action documenting the resignation. Accordingly, the agency's

decision to deny reinstatement of appellant's complaints was proper and is AFFIRMED.

*Fausto v. Lyng,* EEOC No. 01883353, Nov. 21, 1988, at 2–3. EEOC, in its decision, also noted:

> You have the right to file a civil action in an appropriate United States District Court *WITHIN THIRTY (30) DAYS* of the date that you receive this decision, unless within that time you decide to file a request to reopen.

*Id.* at 3. Plaintiff chose to pursue the EEOC appeal process. On December 30, 1988, plaintiff filed a Request for Reconsideration by the Full Commission of the November 1988 decision. To this court's knowledge, this request is still pending as this opinion issues. The EEOC Request for Reconsideration and the action before the Claims Court have proceeded independently.[5]

Plaintiff contends that the Claims Court has jurisdiction to hear this case because of the contractual nature of the settlement agreement. Defendant argues that the Claims Court lacks jurisdiction to enforce discrimination laws. Defendant also contends that jurisdiction to enforce this settlement of a discrimination action rests with the proper district court.

## DISCUSSION

### *Title VII and Jurisdiction*

█ Title VII of the Civil Rights Act, as amended by the Equal Employment Oppor-

---

**4.** Plaintiff has filed several other actions in relation to his employment with the United States. In 1983 plaintiff brought suit to recover back pay allegedly owed as a result of suspension from employment. *Fausto v. United States,* 7 Cl.Ct. 459 (1985); *rev'd,* 783 F.2d 1020 (Fed.Cir. 1986); *rev'd,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) (the Claims Court is not the appropriate authority to review an agency's personnel determination). Later, in 1986, plaintiff filed Case No. 779–86C, also in the Claims Court, seeking compensation for damages to his personal automobile while on Department of Interior business. *Fausto v. United States,* No. 779–86C (Cl.Ct. June 12, 1987); *aff'd,* 835 F.2d 871 (Fed.Cir.1987) (complaint dismissed). Finally, plaintiff has filed Claims Court Case No. 30–89C, seeking back pay, reappointment to a "bona fide position" and removal of derogatory material from his personnel files. This action remains pending and seeks relief arising out of

the same factual circumstances as the 1988 Supreme Court decision.

**5.** Plaintiff disclosed, for the first time, his election to appeal the EEOC decision during oral argument:

> The Court: And you say that you have appealed that to the full Commission?
> Mr. Fausto: That's correct.
> The Court: And that appeal has not yet been disposed of?
> Mr. Fausto: That's correct.

Transcript of Proceedings, No. 689–87C, Apr. 11, 1989, at 34.

> Mr. Reutershan: I think this is the first time that I became aware that Mr. Fausto in fact had gone to the EEOC and does have an action pending there....

*Id.* at 37.

tunity Act of 1972, 42 U.S.C. §§ 2000e–2000e–17 (1982) (Title VII), is the comprehensive, exclusive, and preemptive remedy for federal employees alleging discrimination. *Brown v. General Servs. Admin.*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). Plaintiff relies upon the case of *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), for the proposition that a contractual discrimination claim may proceed independent of a Title VII claim. The Supreme Court in *Brown* expressly distinguished *Alexander* on two grounds: (1) *Alexander* was a pre-Title VII case, and (2) *Alexander* involved private, rather than public, employment. *Brown*, 425 U.S. at 833–34, 96 S.Ct. at 1968.

In *Alexander*, the Supreme Court permitted a private employee to seek simultaneously two alternate remedies for employment discrimination. The employee engaged simultaneously in collective bargaining arbitration and Title VII litigation. The Court reasoned:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.

*Alexander*, 415 U.S. at 49–50, 94 S.Ct. at 1020. In contrast to *Alexander*, this case does not involve two independent rights. Instead, plaintiff's settlement agreement is the direct result of his discrimination claim. Thus, plaintiff does not request this court to enforce an independent contract claim, but a Title VII discrimination claim.

---

6. Plaintiff acknowledged this fact during argument:
> The Court: [T]he Title 7 case that was settled ... was before a District Court? Is that correct?
> Mr. Fausto: Yes.

▮ Perhaps the most important distinction, however, between *Alexander* and this case is that *Alexander* arose in the United States district court. As the EEOC told plaintiff in its opinion, the district court has jurisdiction over Title VII claims. Moreover, when Title VII affords relief, the civil rights law precludes other legal actions elsewhere for the same claim. *Brown*, 425 U.S. at 832–33, 96 S.Ct. at 1967–68. This court cannot assume jurisdiction to review a Title VII settlement—jurisdiction granted by Congress to the federal district courts.

Title VII provides that an employee of the federal Government "if aggrieved by the final disposition of his [EEO] complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title...." 42 U.S.C. § 2000e–16(c). Section 2000e–5(f)(3) grants the United States district courts jurisdiction to hear Title VII cases. If plaintiff seeks a judicial determination, then plaintiff should file in a district court that satisfies the jurisdictional requirements for a civil rights claim. As recently as November 21, 1988, plaintiff received information from the EEOC informing him of his right to file a civil action in the appropriate district court. *Fausto v. Lyng*, EEOC No. 01883353, Nov. 21, 1988, at 3. In fact, plaintiff's lawsuit in the United States District Court for the District of Columbia produced the disputed settlement agreement.[6]

In this case, plaintiff is now seeking relief administratively under Title VII. Further, plaintiff may be entitled to seek relief in the district court. Thus, Title VII bars plaintiff from seeking relief in this court. Moreover, the Tucker Act does not empower the Claims Court to review an agency's personnel determination. *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 676, 98 L.Ed.2d 830 (1988). Plaintiff's cause of

---

> The Court: Did you return to that District Court to ask them to enforce the settlement agreement?
> Mr. Fausto: No, I did not, Your Honor.
> Transcript of Proceedings, No. 689–87C, Apr. 11, 1989, at 27.

action, if cause for further litigation at all, must be litigated in the district court.

■ A party who settles a claim cannot later seek both the benefit of the settlement and continue to press the claim. *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir. 1984). By seeking to reinstate his original claim in an action before the EEOC, plaintiff must forego any potential money damages for breach of the settlement agreement.[7] Plaintiff may not simultaneously seek to set the settlement aside before the EEOC and petition this court to award contract damages in reliance upon the agreement.

### Breach of Settlement Agreement

Plaintiff claims that USDA breached the settlement agreement when it did not timely provide a Form 50. A settlement agreement is a contract. Without doubt, "interpretation of the terms of a contract is a question of law." *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed.Cir.1988). The terms of the contract themselves best indicate the intent of the parties at the time of contracting. *Id.* In this case, the settlement agreement does not mention a Form 50 or an Official Notice of Resignation. In the absence of an ambiguity, parole evidence is not necessary to derive the meaning of contract provisions. *Id.*

■ Plaintiff argues that the settlement agreement impliedly contemplates issuance of a Form 50. This allegation alone does not create an ambiguity. The most the March 4, 1987 settlement agreement says about a Form 50 is:

> The parties are charged with the good faith duty of abiding by the terms and spirit of this agreement.

This language does not suggest USDA must issue a Form 50 according to plaintiff's timetable and plaintiff's specifications. Moreover, plaintiff has produced no evidence of damage resulting from the alleged untimely issuance of the Form 50. Indeed plaintiff obtained his current Government employment without a Form 50—an indication that the Form 50 is not necessary to seek Government employment.

■ Plaintiff contends that USDA breached Office of Personnel Management (OPM) regulations by failing to issue timely the Form 50. Even assuming that OPM's regulations require timely issuance of a Form 50, OPM is not an executive agency as defined by 5 U.S.C. § 101 (1982). The Tucker Act grants the Claims Court jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an *executive* department, or upon any express or implied contract with the United States...." 28 U.S.C. § 1491(a)(1) (1982) (emphasis added). This court does not have jurisdiction over regulations issued by an agency outside the executive branch. *United States v. Connolly*, 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Even assuming a violation of OPM regulations, the regulation does not mandate the payment of money, nor is it the regulation of an executive department. Thus, the Claims Court lacks jurisdiction to adjudicate plaintiff's claim based on violation of an OPM regulation.

### CONCLUSION

Neither plaintiff's discrimination claim, nor the dependent contract claim, satisfy the necessary jurisdictional requirements of the Claims Court. Moreover, the terms of the settlement agreement provide no apparent basis for relief. This court grants defendant's motion to dismiss. The Clerk of the court shall enter judgment dismissing plaintiff's complaint.

No costs.

---

7. In an unpublished decision, the Claims Court quoted the *Kirby* decision in support of its holding that a "plaintiff's decision to pursue his EEO claims prevents him from now seeking the enforcement of the agreement, as a party may not pursue both 'the settlement bargain and the claim purportedly settled.'" *Chaires v. United States*, No. 117–86C, filed Apr. 7, 1987, at 5.