Frances **SNIDER**,
**Plaintiff–Appellee/Cross–Appellant,**

v.

**CIRCLE K CORPORATION, a Texas corporation,**
**Defendant–Appellant/Cross–Appellee.**

**Nos. 88–2044, 88–2905 and 88–2915.**

United States Court of Appeals,
Tenth Circuit.

Jan. 7, 1991.

Hugh D. Rice (H.D. Binns, Jr. and James N. Atkins, with him on the briefs), of Rainey, Ross, Rice & Binns, Oklahoma City, Okl., for defendant-appellant/cross-appellee.

Terry T. Wiens, Oklahoma City, Okl., for plaintiff-appellee/cross-appellant.

Before LOGAN and BALDOCK, Circuit Judges, and SAFFELS, District Judge.[*]

LOGAN, Circuit Judge.

Plaintiff, Frances Snider, upon being terminated by her employer, Circle K Corporation, filed the instant action alleging violation of Title VII of the Civil Rights Act of 1964, breach of contract, and intentional infliction of emotional distress. The Title VII claim was determined by the judge, who found in favor of Circle K; the other claims were determined by a jury, which awarded Snider a lump sum of $20,000 actual damages on the contract and emotional distress claims (without differentiating between the two), and $5,000 punitive damages on the emotional distress claim. *See* II R.Supp. 351–52. Circle K has ap-

pealed the jury award, and Snider cross-appeals the Title VII ruling in favor of Circle K.

Snider was an employee-at-will in Circle K's accounting department. In the course of her employment, Snider became involved in an office dispute in which she supported an Hispanic employee against perceived discrimination by other workers and management. Snider filed a charge with the Oklahoma Human Rights Commission and the Equal Employment Opportunity Commission (EEOC), alleging that Circle K was discriminating against her because she had criticized the company's discriminatory policies.

Circle K and Snider signed an agreement settling her Title VII claim. The agreement provided in pertinent part:

"2. In exchange for satisfactory fulfillment by [Circle K] of the promises contained of [sic] Paragraph (3) of this Agreement, [Snider] agrees not to institute a lawsuit with respect to [her Title VII complaint].

3. In exchange for the promises of Frances A. Snider contained in Paragraph (2) of this Agreement, The Circle K Corporation agrees:

a. If Ms. Snider is terminated at any time in the future, the only information that will be given in a reference is her date of hire and date of termination.

b. To not discriminate or take any adverse action against Ms. Snider (i.e., with respect to eligibility for salary increases, promotions, benefits or any other terms and conditions of employment) because she filed the above referenced charge."

I R. tab 48, exh. B (General Release Agreement).

After this agreement was executed, Circle K sought a new manager for the office in which Snider worked. Although Snider was qualified for the position, Circle K hired someone from outside the office. The company explained that it chose an

outsider to prevent the factionalization that might occur if it promoted someone involved in the earlier office dispute.

Shortly after Circle K hired the new office manager, Snider was transferred to a new department. After working less than a week in the new department, Snider arranged to have a letter from her doctor delivered to Circle K. The letter explained that Snider was suffering from job related stress and that she could not return to work.

Snider then filed a second complaint with the EEOC alleging that because she had filed the previous EEOC complaint, she had been denied a promotion, written up, demoted, and harassed. Upon receiving a right to sue letter, she filed the instant action. Following a jury verdict for Snider on the breach of contract and tort claims, and the district court's judgment for Circle K on Snider's Title VII claim, both parties appealed.

## I

Circle K argues that because the litigants in a Title VII action are not entitled to a jury trial, the district court erred in submitting Snider's action for breach of the settlement agreement to the jury.

■ Because of the equitable nature of the remedies available in a Title VII action, Title VII claimants are not entitled to a jury trial. *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir.1988); *see also Lehman v. Nakshian*, 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981) (recognizing in dicta that there is no jury right in Title VII action); Comment, *Beyond the Dicta: The Seventh Amendment Right to Trial by Jury Under Title VII*, 38 U.Kan.L.Rev. 1003, 1003 (1990) ("Every circuit ... has held or noted

in dictum that Title VII implicates no jury right."). To the best of our knowledge, however, no court has addressed directly whether an employee alleging breach of a Title VII settlement agreement is entitled to a jury trial.[1]

■ Although Title VII settlement agreements are contracts, they are inextricably linked to Title VII. Federal common law governs the enforcement and interpretation of such agreements because the "rights of the litigants and the operative legal policies derive from a federal source." *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir.1981). *See also Brewer v. Muscle Shoals Bd. of Educ.*, 790 F.2d 1515, 1519 (11th Cir.1986) (Title VII settlement agreements construed according to federal common law); *Eatmon v. Bristol Steel & Iron Works, Inc.*, 769 F.2d 1503, 1516 (11th Cir.1985) (although state law provides the right and remedy for breach of settlement agreement action, such action arises under federal law since federal law controls agreement's enforcement and interpretation). Moreover, a number of courts have concluded that federal courts have jurisdiction over actions brought to enforce Title VII settlement agreements because such actions are "actions brought under" Title VII.[2] *See, e.g., Eatmon*, 769 F.2d at 1513; *EEOC v. Henry Beck Co.*, 729 F.2d 301, 305 (4th Cir.1984); *EEOC v. Liberty Trucking Co.*, 695 F.2d 1038, 1044 (7th Cir.1982). In *Brito v. Zia Co.*, 478 F.2d 1200, 1204 (10th Cir.1973) we affirmed a district court's award of damages for breach of a Title VII settlement agreement without discussing the jurisdictional issue. Other courts, recognizing that Title VII settlement agreements are the product of EEOC action, have held that such agreements may

---

1. Although not addressing the right to a jury trial, the Ninth Circuit in *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 507–08 (9th Cir. 1989), *cert. denied*, — U.S. —, 110 S.Ct. 1524, 108 L.Ed.2d 764 (1990), reversed a district court's dismissal of an employee's suit for breach of a Title VII settlement agreement, concluding that the question whether the agreement contained an implied promise of continued employment should have been left to the jury. On the other hand, the Fourth Circuit in *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1095 n.

8 (4th Cir.1982), vaguely suggested that an employee might not be entitled to a jury trial in an action for breach of a Title VII settlement agreement. *But see id.* at 1098 (Widener, J., dissenting) ("So far as the [majority] may intimate ... that the breach of the settlement agreement is not triable to a jury, I do not agree.").

2. Section 706(f)(3) of Title VII provides for federal court jurisdiction over "actions brought under" Title VII. *See* 42 U.S.C. § 2000e–5(f)(3).

not be enforced for breach of contract until Title VII administrative requirements are exhausted. *Blank v. Donovan*, 780 F.2d 808, 809–10 (9th Cir.1986); *Parsons v. Yellow Freight System, Inc.*, 741 F.2d 871, 874 (6th Cir.1984).

■ The linkage between Title VII settlement agreements and Title VII is particularly evident in the instant case. In her amended complaint, Snider seeks the equitable remedy of reinstatement—a remedy typically associated with Title VII actions—in connection with her cause of action for breach of the settlement agreement. I R. tab 48 at 4. Moreover, under Snider and Circle K's settlement agreement, Circle K promises little more than to refrain from violating Title VII in the future. *Id.*, exh. B ("The Circle K Corporation agrees: ... To not discriminate or take any adverse action against Ms. Snider ... because she filed [her original EEOC complaint.]"). Finally, the EEOC is a signatory to the agreement. In fact, the agreement provides that the *"EEOC agrees* to terminate the investigation which it has begun and not to use [Snider's original EEOC complaint] as the jurisdictional base for a civil action under Title VII." *Id.* (emphasis added). We therefore conclude that Snider was not entitled to a jury trial in her action for breach of the settlement agreement. Accordingly, the district court erred in submitting Snider's breach of settlement agreement claim to the jury.

■ This holding does not mean Snider's breach of settlement agreement claim was entirely subsumed by the Title VII claim decided against her by the judge. Circle K cites *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir.1984), for the proposition that an employee may not seek both the benefit of a settlement agreement and the opportunity to pursue the underlying charge of discrimination she agreed to settle. Unlike the employee in *Kirby*, however, Snider's

second EEOC complaint does not reinstate her original EEOC complaint. The original complaint alleges that between October 22, 1985, and November 27, 1985, Circle K discriminated against Snider because she "complain[ed] about discrimination against an Hispanic who had filed an EEOC charge against [Circle K]." I R. tab 48, exh. A. Snider's second EEOC complaint alleges that between February 17, 1986, and March 26, 1986, Circle K discriminated against Snider because she filed her original EEOC complaint. *Id.*, exh. C. The two complaints allege two separate sets of discriminatory acts distinct in time and underlying motivation.[3]

■ Neither does the settlement agreement implicitly limit Snider's recourse in the event of breach to reinstating her original EEOC complaint, as Circle K argues. Upon breach of a Title VII settlement agreement, an employee undoubtedly may bring an action for breach of that agreement. *See* 2 A. Larson & L. Larson, *Employment Discrimination* § 48.24 at 9A–119 (1990) ("A negotiated [Title VII] settlement agreement is a contract, and a private party to such a contract may sue to enforce it like any other contract."); *see also EEOC v. Safeway Stores, Inc.*, 714 F.2d 567, 573–74 (5th Cir.1983) (rejecting argument that exclusive recourse upon breach of Title VII settlement agreement is suit to establish underlying charge of discrimination), *cert. denied*, 467 U.S. 1204, 104 S.Ct. 2384, 81 L.Ed.2d 343 (1984); *Kirby*, 736 F.2d at 664 (noting that the employee could have brought an action for breach of the settlement agreement had he not first reinstated his original EEOC complaint).

## II

■ Circle K next argues that the district court erred in allowing Snider to

---

**3.** We note that Snider's second EEOC complaint challenges two allegedly discriminatory acts occurring before the settlement agreement became effective. The agreement was executed on February 27, 1986, and Snider's second EEOC complaint alleges that discriminatory acts occurred on February 17, 1986, and February 25, 1986. *See* I R. tab 48, exh. C. But in the settlement agreement, Snider only promises "not to insti-

tute a lawsuit with respect to [her original EEOC complaint.]" I R. tab 48, exh. B ¶ 2. In her original EEOC complaint, she only challenges allegedly discriminatory acts occurring between October 22, 1985, and November 27, 1985. Thus, her second EEOC complaint does not reinstate any claims settled by the parties' settlement agreement.

amend her complaint shortly before trial to add a claim for intentional infliction of emotional distress. We will reverse a district court's decision to grant or deny leave to amend a complaint only for an abuse of discretion. *Stichting Mayflower Recreational Fonds v. Newpark Resources, Inc.,* 917 F.2d 1239, 1249 (10th Cir.1990). The record does not indicate that the court's decision either notably surprised Circle K or prejudiced it in making its defense. We hold that the court did not abuse its discretion in allowing Snider to amend her complaint.

 Circle K alternatively argues that the district court should not have submitted Snider's intentional infliction of emotional distress claim to the jury because Snider failed to introduce evidence of truly outrageous conduct. *See Eddy v. Brown,* 715 P.2d 74, 76–77 (Okla.1986) (requiring evidence of extreme and outrageous conduct before claim for infliction of emotional distress is submitted to jury). Once again, we review the district court's decision under an abuse of discretion standard. *See Karns v. Emerson Elec. Co.,* 817 F.2d 1452, 1456 (10th Cir.1987) (district court's refusal to set aside jury verdict for lack of any competent evidence reviewed for manifest abuse of discretion).

We cannot conclude that the district court abused its discretion in submitting Snider's intentional infliction of emotional distress claim to the jury. Snider and several other witnesses testified that the office atmosphere was cold and harsh, and that Snider was treated cruelly and with disrespect. *See* II R.Supp. 40, 45–47, 122, 128–29, 131–33, 151, 153, 168. Snider and witness Barbara Emerson both testified that unlike other workers, Snider had to ask permission to leave her desk and to go to the bathroom. *Id.* at 40, 132–33. Emerson testified that on one occasion, the office manager embarrassed and humiliated Snider in front of the whole office. *Id.* at 131. It also is undisputed that Snider's doctor recommended that she resign because of a stress related health disorder.

*See id.* at 42, 49–50, 54–55, 145–47. Accordingly, we will not conclude that the conduct of Circle K's agents amounted to no more than ordinary rudeness.

### III

Snider cross-appeals the district court's denial of her Title VII claim. Pointing to the district court's finding that Circle K did not promote Snider to office manager *because* of her involvement in the earlier office turmoil,[4] Snider argues that we must reverse the court's conclusion that Circle K presented a plausible nondiscriminatory explanation for its promotion decision. *See* I R. tab 118 at 11–12. We disagree.

 We review a district court's finding that an employer has successfully rebutted a prima facie case of discrimination under the clearly erroneous standard. *Williams v. Colorado Springs, Colo. School Dist. # 11,* 641 F.2d 835, 843 (10th Cir.1981). In light of the testimony that the office's opposing factions engaged in substantial bickering and fighting, and testimony that Circle K hired an outsider to ease this situation, it was not clearly erroneous to conclude that Circle K's promotion decision was legitimate and nondiscriminatory and, thus, not in violation of Title VII.

### IV

 Despite our holding that the district court erred in submitting the alleged breach of the settlement agreement to the jury, we do not remand this case for a determination of that issue by the judge. The district court submitted the liability and damages issues to the jury on a particular verdict form that was not objected to by either party. II R.Supp. 349. The jury considered the liability issues on contract and tort separately, finding for Snider on both. *Id.* at 351. The verdict form, as read by the Clerk, then states, "Having found in favor of Plaintiff Snider and against Circle K Corporation on *one or more* of Plaintiff's claims, we award actual damages to Plaintiff Snider in the amount

---

**4.** The district court found that although Snider was qualified to be office manager, "Management did not consider [Snider] for the position because it was searching for a person who had

not been involved in the office turmoil, whereas [Snider] had been involved therein." I R. tab 118 at 4.

of $20,000." *Id.* (emphasis added). Thus, under the verdict form the jury was instructed to find a single compensatory damages amount if it found for plaintiff upon either claim. Circle K did not seek a separation, made no objection to the form, and, indeed, made no argument on this issue on appeal. Accordingly, because we have upheld the verdict on the tort claim, we must affirm the damages amount found by the jury. Under the instruction the jury found the total damages; Snider could receive no further amount even if we remanded and the district court found that Circle K violated the settlement agreement. Therefore, under the circumstances the court's error was harmless.

■ Because the attorney's fees award was based upon Oklahoma law, Okla.Stat. Ann. tit. 12, § 936, permitting an award only to a "prevailing party" in an action to recover on a "contract ... for labor or services," we vacate that award. Under our analysis in Part I, we hold that a Title VII settlement agreement is not a contract for labor or services within the intended meaning of this statute, absent a promise of continued employment that would have taken Snider out of the employee-at-will category.

AFFIRMED in part, REVERSED in part.

