953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 appearing in the Federal Reporter.)
Yvonne F. THEDE, Plaintiff-Appellant,
v.
NORFOLK SOUTHERN CORPORATION, a Virginia Corporation,
Defendant-Appellee.
 No. 91-1079.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Yvonne F. Thede appeals from an order of the district court granting Defendant Norfolk Southern Corporation's Motion for Summary Judgment. We affirm.
 
 
 3
 Thede commenced this action in district court seeking damages for fraudulent inducement to enter into a settlement agreement regarding her Title VII claims and for violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621-634. Thede was employed by Norfolk in its Denver office until that office was closed in 1986. Following the closure, Thede brought an action in district court in which she alleged sex and/or national origin discrimination in violation of 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e17. She alleged the Denver office had been closed as a pretext for her discharge.
 
 
 4
 The parties entered into a settlement agreement and dismissed the suit. Under the terms of the agreement, Norfolk agreed to pay Thede $120,000.00, and Thede agreed to release and waive all claims against Norfolk and to not seek future reemployment with Norfolk.[1]
 
 
 5
 Thede later learned the Denver office had been reopened in 1989. Thede then brought this action alleging fraudulent inducement in the formation of the settlement agreement and age discrimination because she was not rehired by Norfolk. She requested reinstatement and damages.
 
 
 6
 In granting summary judgment for Norfolk, the district court held that as a precondition to maintaining this action, Thede had to rescind the agreement and return the prior settlement payment. On appeal, Thede argues that she does not want or need to rescind the agreement, but rather is seeking to affirm it and is proceeding in tort requesting damages for the fraud. Therefore, Thede contends that she is entitled to retain the benefits already conferred and to seek additional damages.
 
 
 7
 Norfolk correctly argues that "[f]ederal common law governs the enforcement and interpretation of [Title VII] agreements because the 'rights of the litigants and the operative legal policies derive from a federal source.' " Snider v. Circle K Corp., 923 F.2d 1404, 1407 (10th Cir.1991) (quoting Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir.1981)). Further, "[u]pon breach of a Title VII settlement agreement, an employee undoubtedly may bring an action for breach of that agreement." Id. at 1408.
 
 
 8
 However, on the issue presented here of whether Thede may maintain this action without rescinding the agreement and returning the benefits received, no federal standards have been established either by statute or common law. Therefore, we may look to state law for guidance. Cf. FDIC v. Palermo, 815 F.2d 1329, 1334 (10th Cir.1987) (to fashion federal common law, we may look to law of state with closest connection to transaction if that law will not conflict with need for uniform rules governing bank liquidation).
 
 
 9
 In Trimble v. City & County of Denver, 697 P.2d 716 (Colo.1985), the court held that
 
 
 10
 [o]ne seeking to remedy fraudulent inducement of a contract must elect either to rescind the entire contract to restore the conditions existing before the agreement was made, or to affirm the entire contract and recover the difference between the actual value of the benefits received and the value of those benefits if they had been as represented.
 
 
 11
 Id. at 723. If, as here, the allegedly injured party elects to affirm the contract, the party has the right to "retain its benefits, and also recover damages for the fraud...." 37 C.J.S. Fraud § 65 (1943). See also Mellon Bank Corp. v. First Union Real Estate Equity & Mortgage Invs., --- F.2d ----, Nos. 90-3712 and 90-3790,1991 WL 268536, at * 9 (3d Cir. Dec. 19, 1991) (citing Pennsylvania law: when contract is induced by fraud, injured party can either rescind the contract or affirm it and maintain an action in deceit for damages); Braswell v. Conagra, Inc., 936 F.2d 1169, 1173 (11th Cir.1991) (citing Alabama law: party may rescind contract based on fraud, or sue for breach of contract and fraud); United States Textiles, Inc. v. Anheuser-Busch Co., 911 F.2d 1261, 1272 (7th Cir.1990) (citing Tennessee law: individual induced by fraud to enter into contract may sue for equitable remedy of rescission or treat contract as existing and sue for damages at law under theory of deceit) (citing Vance v. Schulder, 547 S.W.2d 927, 931 (Tenn.1977)); Sade v. Northern Natural Gas Co., 483 F.2d 230, 233 (10th Cir.1973) (citing Kansas law: party could maintain action sounding in fraud even though settlement agreement and release were never set aside):
 
 
 12
 It is a well-established rule that where a release of a cause of action is procured by fraud the defrauded party may choose any one of three remedies;: (1) he may return the consideration paid for the release thereby rescinding the transaction; (2) he may sue for a rescission and offer to return the consideration; or (3) he may waive his right to rescind and sue to recover any damages suffered by reason of the fraud perpetrated upon him....
 
 
 13
 Id. (quoting Ware v. State Farm Mut. Auto. Ins. Co., 311 P.2d 316, 320 (Kan.1957)). Therefore, we conclude that Thede could go forward with her fraud claim in district court.
 
 
 14
 While the district court erred in holding that Thede could not proceed, we "may affirm the decision of a lower court on other grounds supported by the record, even if not relied upon by the district court." United States v. Willie, 941 F.2d 1384, 1396 n. 9 (10th Cir.1991) (citing Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988)), petition for cert. filed, (U.S. Dec. 17, 1991) (No. 91-6705).
 
 
 15
 Summary judgment shall be granted if all materials submitted by the parties "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 16
 Thede alleged that fraud occurred because she was induced to sign the settlement agreement without being informed of Norfolk's future plans to reopen the Denver office. She alleged that Norfolk's representations that it had no such plans were false and that Norfolk concealed these material facts from her, thereby inducing her to act without complete information.
 
 
 17
 In order to establish common law fraud in Colorado, the party alleging fraud must show
 
 
 18
 a representation or lack of information coupled with a duty to inform. These representations or lack of them must go to material facts and must be shown to be false or misleading. The party making them must have known they were false or be indifferent to their truth or falsity. Then, the party claiming the fraud must have relied upon the representations, have had a right to rely on them, have acted in accordance with the reliance and in doing so have been damaged.
 
 
 19
 King v. Horizon Corp., 701 F.2d 1313, 1317 n. 3 (10th Cir.1983) (quoting Zimmerman v. Loose, 425 P.2d 803, 807 (Colo.1967)).
 
 
 20
 In its motion for summary judgment, Norfolk submitted depositions from the men who made the decision to close the Denver office and those who made the decision to reopen it. All denied any input in the decisions for which they were not responsible.
 
 
 21
 Thede does not allege that this testimony was false. She submitted a letter from one of the men involved in the closure which included a statement that closure of the Denver office would "clean up" a problem with that office. By deposition, the author of the letter stated that he was referring to business problems, particularly one with deadheading empty equipment out of Denver. Thede's allegation that the problem referred to her is unsupported by the record.
 
 
 22
 The record does not support Thede's allegation of fraud. Further, mere opinions or promises of future action, (here Norfolk's representations that it had no plans to reopen the Denver office), cannot be the basis for a finding of fraud unless they are made with the present intent not to perform. United States v. 1,557.28 Acres of Land in Osage County, 486 F.2d 445, 448 (10th Cir.1973). Materials submitted by Thede do not show any such intent.
 
 
 23
 Thede also alleged age discrimination because Norfolk did not rehire her when it reopened the Denver office. Thede did not apply for reemployment apparently because, under the terms of the settlement, she had agreed not to do so. Thede alleged age discrimination, however, because Norfolk hired employees younger than she to staff the office and because Norfolk did not seek her out and offer her employment.
 
 
 24
 This allegation fails to even state a claim. Thede could not have been discriminated against in hiring unless she had applied for and been denied a job on the basis of her age. Thede could not apply to Norfolk because she had signed the agreement, which we have held is valid in that it was not obtained by fraud. No duty to seek out Thede and ask her to return can be imposed on Norfolk.
 
 
 25
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The settlement provided in pertinent part:
 WAIVER AND RELEASE
 I. RECITALS
 ....
 D. This Waiver and Release is executed in conjunction with the settlement of the lawsuit, but the scope of this Waiver and Release is broader than the lawsuit. The parties intend to settle by this Waiver and Release all matters between them relating to or arising out of events occurring up to the date of this Waiver and Release.
 II. COVENANTS
 A. Norfolk has paid to Thede the sum of One Hundred Twenty Thousand Dollars and 00/100 Cents ($120,000.00), ... as compensation for any and all injuries suffered by her in connection with her claim for relief brought pursuant to 42 U.S.C. § 1981 in the lawsuit....
 B. In consideration of the payment by Norfolk to Thede ..., Thede ... hereby forever releases, remises, waives, acquits, and discharges Norfolk, ... from any and all actions, ... known or unknown, suspected or unsuspected, past, present, or future, arising from or relating or attributable to her employment by Norfolk, the termination of said employment, and, ... specifically from any and all matters asserted or which could have been asserted in the lawsuit, to the date of this waiver and release. Thede further promises and covenants not to apply for employment or to renew her application for employment at Norfolk in the future.
 Plaintiff's App. at 38-39.