# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White Unitd States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

**Patrick Fisher**                                        **Elisabeth A. Shumaker**
**Clerk**                                                **Chief Deputy Clerk**

May 15, 1996


**TO:** ALL RECIPIENTS OF THE CAPTIONED OPINION

**RE:** 95-4036 Chrisman v. IRS
April 26, 1996 by The Honorable Nathaniel R. Jones,
Senior Circuit Judge, United States Court of Appeals
for the Sixth Circuit


Please be advised of the following correction to the captioned decision:

Attorney Anthony T. Sheehan's name was spelled incorrectly as Sheenan.  The correct spelling is Sheehan.

Please make the correction to your copy.

Very truly yours,

Patrick Fisher, Clerk


Beth Morris
Deputy Clerk

UNITED STATES COURT OF APPEALS

**Filed 4/26/96**

TENTH CIRCUIT

JOSEPH CHRISMAN, et al.          )
                                 )
      Plaintiffs-Appellants,     )
                                 )
                                 )   No. 95-4036
  v.                             )
                                 )
                                 )
COMMISSIONER OF INTERNAL         )
 REVENUE, et al.                 )
                                 )
      Defendants-Appellees.      )

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
(D.C. No. 94-C-0427-S)

---

Paul J. Young, Springville, Utah, for Plaintiffs-Appellants.

Anthony T. Sheehan, Attorney (Teresa E. McLaughlin, Attorney, with him on the brief), United States Department of Justice, Washington, D.C., for the Defendants-Appellees.

---

Before KELLY, BARRETT, and JONES, Circuit Judges.[*]

---

JONES, Senior Circuit Judge.

---

[*]  The Honorable Nathaniel R. Jones, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

2

Plaintiffs appeal the district court's dismissal of their challenge to the implementation of the Internal Revenue Code by the Internal Revenue Service ("IRS"). The Plaintiffs clearly lack standing to bring this action and likewise have not presented a case or controversy. Accordingly, we affirm the district court's grant of the United States' motion to dismiss.

## I

On April 21, 1994, Plaintiff Joseph Chrisman and approximately 5000 others from 50 states filed a complaint (amended on July 22, 1994) in the United States District Court in Utah, seeking to have their case certified as a class action and alleging the IRS' failure to comply with various constitutional and statutory requirements in its tax collection efforts. Plaintiffs requested declaratory relief as to the proper administration of the statutes and an injunction against government collection of levies on seized property, until the statutes were administered properly. Also, Plaintiffs 1) requested a General Accounting Office ("GAO") audit of the IRS, 2) alleged the IRS issues summonses for improper purposes, and 3) sought a declaratory judgment that the IRS could not compel Plaintiffs to maintain records and that the IRS must respond promptly to taxpayer inquiries.

On July 27, 1994, the government moved to dismiss the case for lack of standing. On January 23, 1995, the district court granted the government's motion and dismissed the case, finding

that Plaintiffs made only generalized allegations of IRS misconduct, alleged no specific injuries to themselves, did not present a case or controversy, and lack standing to mount sweeping challenges to IRS' practices. Supp. Appendix at 36.

Plaintiffs appeal. Oddly, however, they do not directly challenge the rulings of the district court, definitively assert why they may have standing or may have presented a justiciable case or controversy, or provide legal authority for their position. Instead, they have presented the court with what appears to be a pitiable regurgitation of the generalized arguments introduced below. As Plaintiffs' arguments on appeal are incapable of persuading the court on the question presented, and the pleadings below are insufficient to vest the district court with jurisdiction, we must affirm the district court's dismissal of the case.

## II

We think it is useful to set out the concept of standing that leads us to our conclusion. "Standing is a question of law for the court to determine," *Motive Parts Warehouse v. Facet Enters.*, 774 F.2d 380, 389 (10th Cir. 1985), "thus [the Court of Appeals] reviews the district court's determination of standing *de novo*." *Gilbert v. Shalala*, 45 F.3d 1391, 1393 (10th Cir.) (citing *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) *cert. denied*, 116 S.Ct. 49 (1995).

Under Article III of the Constitution, jurisdiction of

4

federal courts is limited to cases and controversies. U.S. Const. art. III, §2. The doctrine of standing is an essential part of the case-or-controversy requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct 2130, 2136 (1992). Simply put, in order to have standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). "[S]tanding to sue may not be predicated upon an interest . . . which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974); *see also Lujan*, 504 U.S. at 573-74. Further, as a matter of course, even when a plaintiff is sincere and motivated to pursue a case, the court cannot exercise jurisdiction for generalized grievances, but must face a tangible, personal, threatened interest. *See Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40, 96 S.Ct. 1917, 1925 (1976).

In this case, the Plaintiffs' attempt to invoke the jurisdiction of the court falls far short of the standing requirements.[1] We have carefully considered and weighed each of

---

[1] Plaintiffs have not asserted "taxpayer standing." Even so, such an assertion would fail. Under the limited exception to the general bar on taxpayer challenges to decisions concerning appropriations, in order to achieve standing, a taxpayer must demonstrate a logical link between his status as a taxpayer and the exercise of congressional power under the taxing and spending clause of the Constitution, and a nexus

the arguments advanced by Plaintiffs with respect to the IRS, as well as the relief sought by Plaintiffs. Despite Plaintiffs' varied arguments and requests for relief, Plaintiffs' complaint and brief fail to state the essential elements of injury, traceability, or redressability. As the government has stated, "[n]owhere does the complaint [or brief] identify any plaintiff as having personally suffered from the alleged conduct complained of . . . . The allegations of injuries it contains are remote and conjectural." Government's Br. at 12. Plaintiffs assert the existence of "[f]iles containing thousands of stories of common abuse amongst the appellants." Plaintiffs' Br. at 2. Yet, neither the district court nor this court has been presented with a single concrete incident of a Plaintiff suffering from any of the alleged conduct at issue.

Moreover, Plaintiffs' requests for relief in the form of various declarations as to the proper administration of the IRC are tantamount to requests for advisory opinions. Such requests advocate a general interest, common to all citizens and do not purport to redress any specific injuries Plaintiffs may have suffered. The district court could not, and indeed this court will not provide advisory opinions. *See United States v. Richardson*, 418 U.S. 166, 171, 94 S.Ct. 2940, 2943 (1974); *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 651, 702 (1962).

---

between his status as a taxpayer and the precise nature of the constitutional infringement alleged. *See Flast v. Cohen*, 392 U.S. 83, 101, 88 S.Ct. 1943, 1953 (1968). The Plaintiffs have not met this test.

Because the Plaintiffs manifestly lack standing to bring this action, we AFFIRM the district court's dismissal of Plaintiffs' complaint.