**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

TWILA HEARD,

    Plaintiff-Appellant and Cross-
    Appellee,

v.

BONNEVILLE BILLING AND
COLLECTIONS, a Utah corporation,

    Defendant-Appellees and Cross-
    Appellants,

and

WILFORD N. HANSEN, JR., P.C., a
Utah professional corporation; WILFORD
N. HANSEN, JR.,

    Defendants-Appellees.

Nos. 99-4092, 99-4100
(D.C. No. 97-CV-445-C)
(District of Utah)

TWILA HEARD,

    Plaintiff - Appellee,

v.

BONNEVILLE BILLING AND
COLLECTIONS, a Utah corporation,

    Defendant - Appellant,

and

No. 99-4202
(D.C. No. 97-CV-445-C)
(District of Utah)

WILFORD N. HANSEN, JR., P.C., a
Utah professional corporation; WILFORD
N. HANSEN, JR.,

     Defendants.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, Circuit Judges; and **ALLEY**, District Judge.[**]

---

Twila Heard filed a complaint under federal and state law alleging Bonneville Billing and Collections, Inc. engaged in various deceptive practices when it sought recovery from her on a check as a joint account holder and then unethically split the statutorily authorized attorneys' fees awarded. The district court granted summary judgment for Ms. Heard, concluding Bonneville's actions violated federal and state law when it collected a dishonored check from Ms. Heard, who was not the signer nor any longer on the account. However, the court granted Bonneville's motion for summary judgment on Ms. Heard's claim it engaged in unlawful fee-splitting with attorneys it

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Wayne E. Alley, District Judge for the United States District Court for the Western District of Oklahoma, sitting by designation.

retained to do its collection work. Now in these cross appeals, Ms. Heard and Bonneville challenge their respective adverse rulings. Finding no error in any substantive or procedural claim raised, however, we affirm.

**Nos. 99-4100 and 99-4202**

Because the parties are familiar with the underlying facts, we do not reiterate them here unless they are necessary to explain our disposition. The district court granted summary judgment to Ms. Heard on her claim Bonneville violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o, and the Utah Consumer Sales Practices Act (UCSPA), Utah Code Ann. § 3-11-4 et seq., and awarded monetary and injunctive relief. The court found Bonneville persisted in attempting to collect on the bad checks Ms. Heard's daughter, Tiana, signed simply because Ms. Heard was listed on the check as a joint account holder. The court noted the evidence provided in the deposition testimony that despite Ms. Heard's telling Bonneville representatives she had taken her name off the account and her daughter did not reside with her, Bonneville continued to send her letters, contacted her employer, and named her in the caption of the complaint it filed in state court. These acts, the district court found, reflected Bonneville's routine collection practice for joint account holders in the face of its daily receipt of some 1500 bad checks to collect.

Based on these uncontroverted facts, the district court held Bonneville's actions constituted a misrepresentation under the FDCPA, 15 U.S.C. § 1692e(2)(A), which

3

prohibits a debt collector from using "any false, deceptive, or misleading representation . . . of the character, amount, or legal status of any debt," by repeatedly representing that Ms. Heard was liable for her daughter's bad checks. Further, the court concluded the uncontroverted evidence established Bonneville could not avoid liability by sheltering its conduct under the bona fide error provision of § 1692k(c). That conclusion, the court offered, was supported by Bonneville's failure to offer any evidence it maintained procedures designed to safeguard against collecting from joint account holders in all circumstances. Instead, the court found "the evidence is undisputed that it was defendants' routine practice to attempt to collect from both holders of a joint account."

The court also concluded Bonneville violated the UCSPA which prohibits a "supplier" from knowingly and intentionally committing deceptive acts or unconscionable practices in connection with a consumer transaction. Utah Code Ann. §§ 13-11-3(6), 13-11-4 & 5. The evidence, the court stated, established Bonneville pursued Ms. Heard with collection notices, telephone calls, certified letters to her address, and naming her in the lawsuit its attorney filed despite entries in its computer system that Ms. Heard was no longer on the account of her adult daughter, Tiana Heard. The court concluded Bonneville's actions suggested Ms. Heard was liable for her daughter's debts, a practice that was both deceptive and unconscionable under the UCSPA.

In its appeal, Bonneville now assails the facts and the law the district court relied upon to reach that conclusion. First, it contends both the FDCPA and the UCSPA require

4

a supplier act "with intent to deceive." Utah Code Ann. § 3-11-4(2). While acknowledging the question of unconscionability is one of law which does not require specific intent under the UCSPA, Bonneville asserts the record does not uncontrovertibly establish it knew or had reason to know Ms. Heard was liable for the bad check. Therefore, it insists the court erred by resolving the disputed material fact that once it learned Ms. Heard "was not the signer of the bad check and that the goods purchased were not for family use, Bonneville did ***not*** attempt to collect the debt from Plaintiff."

We review the district court's granting summary judgment *de novo*. ***Koch v. Koch Industries, Inc.***, 203 F.3d 1202, 1212 (10th Cir. 2000). Fed. R. Civ. P. 56(c) informs us that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We look at all of this evidence and the reasonable inferences that can be drawn from it in the light most favorable to the nonmoving party. ***Id.***

Bonneville presents an array of facts which intermingle its collection activities on several of Tiana Heard's bad checks to support its assertion once it learned Ms. Heard was not liable, it made no effort to collect the debt from her. However, these facts do not controvert Ms. Heard's evidence that once Bonneville entered the two names into its CUBS database, it persisted in pursuing Ms. Heard as a joint account holder. That she

5

did or did not receive the certified letters or was only named in the caption and not the body of the complaint does not controvert *the fact* Ms. Heard told Bonneville employees her adult daughter wrote the checks and she was no longer on the account; however, neither Bonneville nor its attorney took any affirmative act to dissipate the representation Ms. Heard was liable for the bad checks. When we couple Ms. Heard's deposition testimony that she felt "humiliated and devastated" having to go to the office and make the payments she believed were necessary to preserve her credit record with the unrefuted deposition testimony of Bonneville personnel they routinely entered both names from a bad check and pursued joint account holders, it is inescapable Bonneville cannot provide evidence to controvert an essential element of plaintiff's proof.[1] "Failure of proof of an essential element renders all other facts immaterial." *Id.* (citing *Treff v. Galetka*, 74 F.3d 191, 195 (10th Cir. 1996)).

Bonneville's effort to diminish this evidence by contending it fails to establish an intent to deceive under Utah Code Ann. § 13-11-4 is equally unavailing. The Utah legislature amended this section, effective May 1, 1995, and changed "intent to deceive" to "knowingly or intentionally." Thus, like the determination of unconscionability,

---

[1] Before the district court, Bonneville argued that older individuals sometimes put their children's names on their accounts "as an agency account. And so the child is authorized, as well as the older individual, to write those checks." During oral argument here, when asked to state its theory of liability of a non-signatory on an account, Bonneville's counsel stated that "Tiana Heard" and "Twila Heard" could be husband and wife. According to Bonneville, however, these are the "facts" the court improperly resolved when it found Bonneville liable.

6

defined in § 13-11-5, the court may consider the circumstances "which the supplier knew or had reason to know" to decide whether an act is deceptive. The district court did not err in concluding Bonneville's "practice was both deceptive and unconscionable in violation of both Utah Code Ann. §§ 13-11-4 and 5."

Further, given the broad remedial purpose of the FDCPA to protect consumers from the "use of abusive, deceptive, and unfair debt collection practices," 15 U.S.C. § 1692(a), the district court did not err in concluding Bonneville and its attorney cannot be shielded by the bona fide error safehaven of 15 U.S.C. § 2692k(c). Under this section:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The district court correctly found Bonneville failed to meet its burden to establish it is entitled to this affirmative defense. Bonneville offered no evidence of any procedure "reasonably adapted to avoid any such error." Unlike the manual and computer system in place in *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 401 (6th Cir. 1998), which the Sixth Circuit agreed "in fact were able to catch the error in a very short period of time," Bonneville employees testified there was no training or operational manual guiding their activities. Instead, employees who had previously done the same task worked with his or her replacement and provided instruction on the CUBS system. Once names were entered in the database, no effort was made to determine whether joint account holders

7

were bound by the family expense doctrine or which party was, in fact, liable on the check. Although Attorney Wilford Hansen testified he personally checked the complaint including both Tiana and Twila's names in the caption and he inadvertently missed the error, personnel who worked for Mr. Hansen testified the complaints were prepared by non-attorneys and Mr. Hansen merely looked them over. Most importantly, Bonneville offered no evidence - other than clerical error - of any system designed to reasonably avoid the error committed here. Therefore, the district court did not err in concluding Bonneville failed to meet its burden of proof to escape liability.

Because the district court did not err in granting Ms. Heard summary judgment, its subsequent award of statutory costs and attorneys' fees under Utah Code Ann. § 3-11-19(5) in the amount of $42,416.82 was appropriate. As Bonneville concedes in its brief preserving this issue, No. 92-4202, given our disposition of the merits, the district court's award is similarly affirmed.

### No. 99-4092

In her appeal, Ms. Heard seeks to resurrect her claim Bonneville violated the UCSPA and FDCPA as well as the Utah Rules of Professional Conduct by splitting the attorneys' fees authorized by statute with its counsel. She alleged that Bonneville's attorneys' payment to Bonneville of virtually 50% of the attorneys' fees collected ostensibly for the attorneys' use of the computer, office space, and participation in a health insurance plan represented an end-run around the state's amended ethical rules

8

prohibiting an attorney from splitting fees with a non-attorney. After completing discovery on the claim, Ms. Heard filed a motion for leave to amend her complaint to allege a class action, to add a defendant and a claim. The court denied the motion to amend as untimely and possibly duplicative of another pending action and dismissed the claim on the merits on the ground Ms. Heard lacked standing.

Although Fed. R. Civ. P. 15(a) provides "leave [to amend] shall be freely given when justice so requires," its granting remains within the sound discretion of the district court. *Snider v. Circle K Corp.,* 923 F.2d 1404, 1409 (10th Cir. 1991). Therefore, we will not disturb that exercise of discretion unless it is disconnected from legal principles and substantial facts in the record. *Dowell by Dowell v. Board of Education of Oklahoma City Pub. Schs.,* 890 F.2d 1483, 1489 (10th Cir. 1989), *rev'd on other grounds,* 498 U.S. 237 (1991).

Denying Ms. Heard's motion for leave to amend, the district court, well-versed in the history of the case, cited its untimeliness, plaintiff's counsel's having waited almost a year with discovery virtually completed. Having set a trial date and aware that plaintiff's counsel represented individuals in a similar possible class action which was pending in federal district court, it found the proposed amendment would prejudice Bonneville. This conclusion is fully tethered to facts of the case and reflects a proper interpretation of Rule 15. *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Though to be liberally construed, the policy behind Rule 15

"is not limitless." ***Calderon v. Kansas Dept. of Social & Rehab. Serv.***, 181 F.3d 1180, 1186 (10th Cir. 1999) (Rule 15 must be read in conjunction with all pleading rules.). Under the circumstances here, the court did not abuse its discretion in denying amendment of the complaint.

We also agree with the district court's disposition of the merits of Ms. Heard's fee-splitting claim. Whether Ms. Heard has standing to invoke the FDCPA and UCSPA as a private attorney general challenging the statutory grant of attorneys' fees under Utah Code Ann. § 7-15-1 and Utah Court Rule 4-505.01, which sets a statutory amount for attorneys' fees based on the amount of the judgment is a question of law which we review *de novo*. ***Shaw v. United States,*** ___F.3d___, No. 99-6152, 2000 WL 640345, at *1 (10th Cir. May 18, 2000).

Standing is an essential component of the case-or-controversy requirement for federal court jurisdiction. ***Chrisman v. C.I.R.***, 82 F.3d 371, 373 (10th Cir. 1996). "[T]he standing inquiry requires us to consider 'both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise,'" ***Sac and Fox Nation of Missouri v. Pierce***, ___F.3d ___, No. 99-3019, 2000 WL 703025, at *5 (10th Cir. May 30, 2000). Our review here stops with the constitutional question: "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant [its] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [its] behalf." ***Warth v. Seldin***, 422 U.S. 490, 498-99 (1975) (quoting ***Baker v. Carr***, 369 U.S.

10

186 (1962)).

As the district court noted, Ms. Heard did not allege in her complaint the attorneys' fees were too high or unconscionable or that the attorney did not do any work to justify the statutory award. Indeed, Ms. Heard paid the amount demanded before any judgment was entered on Bonneville's state complaint. What Bonneville's attorney did with the statutory fees may violate state ethical rules. How that injures this plaintiff, however, eludes us. It is the fundamental deficiency of Ms. Heard's *stake* in the outcome of the fee-splitting issue which defeats her standing. We therefore cannot conclude the district court erred in dismissing her second claim for unlawful and unethical fee-splitting on the ground she lacked standing.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Senior Circuit Judge