MARKEY, Chief Judge.
 

 Angel Rodriguez (Rodriguez) appeals from an order of the United States Claims Court, 13 Cl.Ct. 399 (1987), denying a motion to retransfer the case to the United States District Court for the Southern District of Florida and dismissing his complaint. We reverse and remand with instructions to retransfer.
 

 BACKGROUND
 

 Rodriguez’ vessel, the M/V Sea Grape, was seized by the Customs Service in Key West, Florida, in July 1980, and sank one week thereafter. The Customs Service claims that the seizure was authorized because the vessel was illegally participating in the 1980 Mariel Boat Lift, transporting Cuban nationals from Mariel, Cuba, to Key West.
 

 Rodriguez brought suit in the district court under the Suits in Admiralty Act (SIAA), 46 U.S.C.App. §§ 741-752, and the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, to recover the value of his vessel because of the Custom Service’s failure to maintain it after seizure. The district court initially denied the government’s motion to dismiss for lack of jurisdiction. It then reconsidered,
 
 sua sponte,
 
 in view of tile decision in
 
 Williams v. United States,
 
 747 F.2d 700 (11th Cir.1984), a decision rendered one day after denial of the government’s motion. The court found no basis for liability under either the SIAA or the FTCA because “the detention of the M/V Sea Grape by a law enforcement agency is an act covered by the exception of the Federal Torts Claims Act and Suits in Admiralty Act in 28 U.S.C., § 2680(c).” The Court then noted that Rodriguez “may have a cause of action under the Tucker Act, 28 U.S.C., § 1491.”
 

 The district court did not expressly grant its own motion to dismiss for lack of subject matter jurisdiction. It transferred the case to the Claims Court, saying:
 

 Although this matter is before the Court on its own motion to dismiss for lack of subject matter jurisdiction, the Court concludes that it is in the interests of justice to transfer this action to a court with subject matter jurisdiction, the United States Claims Court, rather than to dismiss this action with prejudice.
 

 In a footnote, the district court said, “[t]he Court’s Order dismisses and closes the lawsuit in District Court” and directed the Clerk to “close the case”. The actual dispositive order of the district court read:
 

 ORDERED AND ADJUDGED that this case is TRANSFERRED TO THE UNITED STATES CLAIMS COURT for further disposition pursuant to 28 U.S.C., § 1631.
 

 In the Claims Court, Rodriguez moved to amend the complaint, saying he had no basis for any claim under the Tucker Act, and also moved for retransfer. The Claims Court denied both motions and dismissed the complaint.
 

 The parties agree that the Claims Court lacks jurisdiction, as that court necessarily held in dismissing the complaint. In considering only whether it could retransfer the case, the Claims Court noted that the requirements for
 
 transfer
 
 are that the transferor court must lack jurisdiction, the transfer must be in the interests of justice,
 
 *1560
 
 and the transferee court must be one in which the action could have been brought at the time the claim was filed.
 
 Town of North Bonneville, Washington v. United States District Court for the Western District of Washington,
 
 732 F.2d 747, 750 (9th Cir.1984). The Claims Court held that it could not retransfer the case because the district court had already decided that it “lacks jurisdiction” over Rodriguez’ claim, hence: (1) the district court is not one in which the action “could have been brought at the time it was filed”; and (2) retransfer would be futile and thus would not serve the interests of justice.
 

 The district court made two decisions: (1) that there was no liability because of the exception in § 2680(c) (the liability decision); and (2) that the case be transferred to the Claims Court (the transfer decision). Only the latter is implicated in this appeal from the Claims Court’s refusal to retransfer.
 
 [1]
 

 ISSUE
 

 Whether the Claims Court erred in denying Rodriguez’ motion to retransfer.
 

 OPINION
 

 The Claims Court incorrectly analyzed Rodriguez’ motion to retransfer, treating it as a motion to transfer an action originally brought in the Claims Court. Under those circumstances the three-part test applied by the Claims Court is applicable.
 
 Lewis v. Hogwood,
 
 300 F.2d 697, 698 (D.C.Cir.1962);
 
 Whittier v. Emmet,
 
 281 F.2d 24, 29 (D.C.Cir.1960), cer
 
 t. denied,
 
 364 U.S. 935, 81 S.Ct. 380, 5 L.Ed.2d 367 (1961);
 
 Cambridge Filter Corp. v. International Filter Co.,
 
 548 F.Supp. 1308, 1310 (D.Nev.1982). However, the present case involves a re-transfer to the original forum, a circumstance that invokes law of the case considerations.
 

 Though a transfer order should not be reviewed by the transferee court where such review would undermine the benefits of the “law of the case” rule, there is no per se rule against return of a transferred case by the transferee court. In
 
 Christianson v. Colt Indus. Operating Corp.,
 
 — U.S.-, 108 S.Ct. 2166, 2177-78, 100 L.Ed.2d 811 (1988), the Court pointed out that a decision on jurisdiction of a coordinate court established law of the case, and that that decision is not to be disturbed absent exceptional circumstances. One such circumstance exists when, said the Court, the transfer decision was “clearly erroneous and would work a manifest injustice.”
 
 Id.
 

 The Claims Court effectively .gave law of the case treatment to the district court’s transfer decision, considering it as binding on the determination of whether to retransfer. We hold that the Claims Court erred in refusing to retransfer the case under the exception set forth in
 
 Christian-son.
 
 The district court’s transfer decision was clearly erroneous because the Claims Court lacks jurisdiction over claims sounding only in tort. 28 U.S.C.A. § 1491(a)(1). Further, to refuse retransfer would continue the manifest injustice created by the transfer decision in frustrating Rodriguez’ right to appeal the liability decision.
 
 [2]
 

 
 *1561
 
 CONCLUSION
 

 We reverse and remand to the Claims Court with instructions to retransfer the case.
 

 COSTS
 

 Each party shall bear its own costs.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS TO TRANSFER.
 

 [1]
 

 . The Claims Court did not explain why it thought claims under the FTCA and SIAA could not have been
 
 brought
 
 in the district court. Before us, Rodriguez and the government say the district court erred in its liability decision, when it held the exception in 28 U.S.C. § 2680(c) applicable to Rodriguez’ SIAA and FTCA claims, because that holding was based on an erroneous reading of
 
 Williams
 
 and is in apparent conflict with the subsequently decided
 
 B & F Trawlers, Inc.
 
 v.
 
 United States,
 
 841 F.2d 626 (5th Cir.1988). Consideration of those arguments would be inappropriate here. They should be considered in the first instance by the district court. The argument that the district court misread
 
 Williams
 
 is more appropriately reviewed by the Eleventh Circuit which rendered the opinion in
 
 Williams.
 

 The government suggests a basis not mentioned by the district court but on which, says the government, the district court could have decided that it lacked jurisdiction over Rodriguez’ FTCA and SIAA claims. The district court’s treatment of the FTCA and SIAA claims is not on appeal to this court. If the government so elects, it may present its alternative basis to the district court.
 

 [2]
 

 . If the district court had entered an interlocutory decree determining rights and liabilities in admiralty, the Eleventh Circuit Court of Appeals would have had jurisdiction to hear an appeal
 
 *1561
 
 from that decree. 28 U.S.C. § 1292(a)(3). In all events, if the district court had merely entered, an order dismissing the complaint for lack of jurisdiction or for failure to state a claim on which relief could be granted, Rodriguez could have directly appealed that order to the Court of Appeals for the Eleventh Circuit.