Edward R. DRURY, Plaintiff,

v.

The UNITED STATES, Defendant,

and

Jim Smith Contracting Company, Inc., Third Party, Defendant.

No. 00–356 L.

United States Court of Federal Claims.

April 30, 2002.

Garald Peter Weller, Metairie, LA, for plaintiff.

Stuart B. Schoenburg, with whom were John C. Cruden, Acting Assistant Attorney General, General Litigation Section, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION & ORDER

HEWITT, Judge.

The court has before it plaintiff's Motion to Retransfer (Pl.'s Mot.), defendant's Response to Plaintiff's Motion to Transfer (Def.'s Resp.) and plaintiff's Rebuttal Memorandum in Support of Motion to Retransfer (Pl.'s Rebuttal). Plaintiff seeks to retransfer his case back to the United States District Court for the Eastern District of Louisiana.

### A. Background

Plaintiff first commenced this action on April 15, 1993 seeking damages for negligent and/or intentional trespass. Pl.'s Mot. at 5; Def.'s Mot. at 3. On March 17, 2000, defendant moved to transfer the case to this court on the ground that the action sounded in takings, not tort. See Def.'s Mot. at 3. On April 13, 2000, the motion was granted, and plaintiff's case was transferred to this court. See Drury v. United States Army Corps of Eng'r, No. 95–1599 (E.D.La. Apr.13, 2000).

Plaintiff has consistently argued that his claim is a tort, specifically a claim for trespass, and not a taking. Accordingly, plaintiff believes the case was erroneously transferred to this court and should be transferred back to the United States District Court for the Eastern District of Louisiana because the United States Court of Federal Claims does not have jurisdiction over tort claims.

### B. Tort v. Taking

Plaintiff argues that his claim is a tort, not a taking. Pl.'s Mot. at 14–17. To determine whether defendant's alleged conduct constituted a tort or a taking, the essential inquiry is whether the injury to the claimant's property is in the nature of a tortious invasion of his rights or "rises to the

magnitude" of an appropriation of some interest in his property for the use of the government. *BMR Gold Corp. v. United States*, 41 Fed.Cl. 277, 282 (1998). Determining whether a claim sounds in tort or taking is a fact-based inquiry. *Id.* Plaintiff argues that the facts alleged support a claim of simple trespass because defendant never asserted a claim of right to plaintiff's land. Pl.'s Mot. at 16–17.[1]

■ The court agrees with plaintiff that his claims sound in tort. The wrongful acts alleged by plaintiff are informal in nature and are all tortious. These tortious allegations include trespass, disturbing the peaceful possession of the lessee of the property, conversion, failure to repair property, failure to notify plaintiff of defendant's acts, loss of rental income, and destruction of certain improvements on the property (in particular destroying the backstop portion of the property, damaging a building on the lot, and damaging a fence). *See* Pl.'s Mot. at 7; Memorandum in Opposition to the Motion to Dismiss (filed in the district court) at 3; Complaint at ¶ 13; Amended Complaint at 6, 8. None of these allegations rises to the magnitude necessary to support a takings claim.[2] Nor do any of plaintiff's assertions suggest that defendant has claimed a permanent or even temporary ownership interest in plaintiff's property.

### C. Law of the Case/Retransfer Test

■ Courts have the authority and duty to transfer a case under 28 U.S.C. § 1631:

Whenever a . . . court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.

28 U.S.C. § 1631 (1994). In order to transfer a case, the transferor court must lack jurisdiction, the transfer must be in the interest of justice, and the transferee court

must be one in which the action could have been brought at the time the claim was filed in the first instance. *Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed.Cir. 1988). The Federal Circuit has acknowledged that "there is no per se rule against return of a transferred case by the transferee court." *Id.* at 1560. However, because of law of the case considerations, the Federal Circuit discourages *re*transfer absent exceptional circumstances. *Id.* A transferor court's decision to transfer upon making a jurisdictional determination should not be disturbed by the transferee court unless the transfer decision was "clearly erroneous and would work a manifest injustice." *Id.*

In light of *Rodriguez*, defendant argues that the district court's determination that it lacked jurisdiction over this matter is the law of case and, therefore, cannot be revisited and overturned unless clearly erroneous. Def.'s Resp. at 8. The court disagrees with defendant for several reasons.

First, the slightly higher standard applied to retransfer of cases—as distinguished from the initial transfer of a case—cannot be interpreted, as defendant implies, to preclude a court from making a determination with respect to its jurisdiction. A court is never precluded from making a determination about its own jurisdiction; in fact, every court must make that threshold determination. *See, e.g., Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (noting the "age old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists"). *See also Synernet Corp. v. United States*, 41 Fed.Cl. 375, 383 (1998) (quoting *Thomas Funding Corp. v. United States*, 15 Cl.Ct. 495, 499 n. 2 (1988)) ("A court 'always has . . . jurisdiction to determine its jurisdiction.'")

■ Second, the law of the case doctrine does not limit a court's ability to revisit prior

1. This court has an extensive factual record before it because of the motions filed and orders issued by the district court in this proceeding.

2. In the district court's order, dated October 24, 1995, denying defendant's motion to dismiss, the court held that plaintiff's claim that the govern-

ment trespassed and converted his property "stated a cause of action under the FTCA [Federal Tort Claims Act]." *See Drury v. United States Army Corps of Engineers*, 902 F.Supp. 107, 110 (E.D.La.1995) at 7.

decisions of its own or of a coordinate court. *See Christianson,* 486 U.S. at 817, 108 S.Ct. 2166. The law of the case doctrine " 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' " *Christianson,* 486 U.S. at 817, 108 S.Ct. 2166 (quoting *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)).

 Third, the judicial preference against retransfer of the same case back to the district court of origination relies primarily upon the futility of retransferring the same case to a district court which has already denied jurisdiction. *See Nat'l Med. Enter. v. United States,* 28 Fed.Cl. 540, 547 (1993); *see also Berton Siegel, D.O., Ltd. v. United States,* 231 Ct.Cl. 895, 896 (1982); *Little River Lumber Co. v. United States,* 7 Cl.Ct. 492, 494 (1985). Here, however, the district court did not make a final determination with respect to its jurisdiction and, therefore, retransfer to the district court would not be futile.

At an April 12, 2000 hearing, the transferring judge made it clear that he had not made a final determination with respect to jurisdiction and that he was not adverse to revisiting the case after this court made its own jurisdictional determination:

> I'm going to order that the case be transferred to the Court of Claims, however, I'm not dismissing this case. I would simply put this case on inactive status so that it can be re-opened in the event the Court of Claims finds that this is not indeed a taking case, as I have indicated. Now, that will be up to the Court of Claims to decide ....

Transcript of April 12, 2000 Hearing before the United States District Court for the Eastern District of Louisiana on Defendant's Motion to Dismiss at 14. Moreover, the order issued following the April 12, 2000 hearing also points to the district court's willingness to revisit the case. In its April 13, 2000 order, the district court specifically states that the case was "administratively closed" and that it would be "reopened upon motion of any party for good cause shown within thirty days of any ruling by the Court of Federal Claims regarding its jurisdiction

or the merits of the claim." *See Drury v. United States Army Corps of Eng'r,* No. 95–1599 (E.D.La. Apr.13, 2000) at 2. Thus, retransfer to the district court would not be futile and the primary reason for discouraging retransfers is not implicated.

Fourth, and most basic, because this court has found in Section B of this opinion that plaintiff's claim sounds in tort, this court has no jurisdiction and must retransfer the case.

### D.  28 U.S.C. § 1292(d)(4)(A)

 Defendant argues that plaintiff's failure to take an interlocutory appeal of the transfer order of the Eastern District of Louisiana under 28 U.S.C. § 1292(d)(4)(A) constitutes a waiver of plaintiff's rights and precludes plaintiff's ability to seek retransfer. Def.'s Resp. at 9. Section 1292(d)(4)(A) provides, in pertinent part, "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States ... granting or denying, in whole or in part, a motion to transfer an action to the United States Claims Court under section 1631 of this title." 28 U.S.C. § 1292(d)(4)(A) (West Supp.2001). Defendant points to the words "exclusive jurisdiction" to support its view. Def.'s Resp. at 9.

The court can find nothing in that or other language of 28 U.S.C. § 1292(d)(4)(A) nor in the case law to support the view that plaintiff has waived its rights because it did not avail itself of 28 U.S.C. § 1292(d)(4)(A). The statute does not state that such an interlocutory appeal is a litigant's sole remedy; it merely states that if a litigant elects to take an interlocutory appeal, then the Federal Circuit would have exclusive jurisdiction of that appeal. An argument similar to defendant's was rejected by the Supreme Court in *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In *Caterpillar,* petitioner argued that respondent effectively waived its objection to removal by failing to seek an immediate appeal of the district court's refusal to remand based on improper removal. The Court expressly rejected petitioner's argument. *Caterpillar,* 519 U.S. at 74, n. 11, 117 S.Ct. 467 ("We reject this

waiver argument . . . ."). The Court found instead that a plaintiff is not required to seek permission to take an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) in order to avoid waiving whatever ultimate appeal right he may have.[3] *Id.* at 74, 117 S.Ct. 467.

### E. Defendant's Whipsaw Litigating Position

Defendant successfully moved to have this case transferred on the grounds that the district court lacked jurisdiction because the claim sounded in taking. After transfer to this court, defendant took an inconsistent position and argued that this court lacked jurisdiction because the claim constituted a tort. Plaintiff protests defendant's litigating tactic and argues that defendant should not be permitted to "flip-flop" its position. *See, e.g.,* Pl.'s Mot. at 13.

This court has held that dismissing a case upon a finding of lack of jurisdiction rather than ordering a retransfer would "visit a manifest injustice" where a defendant takes the position that this court has exclusive jurisdiction over a matter before a district court, and then upon transfer to this court argues that this court maintains no jurisdiction. *A & S Council Oil Co. v. United States,* 16 Cl.Ct. 743, 749 (Cl.Ct.1989); *Nat'l Med. Enter.,* 28 Fed.Cl. at 545. The Court of Claims has also observed that granting defendant the relief it seeks in this context would be inherently unfair.

> It is unfair to the [plaintiff] and leads to an unnecessary waste of money and judicial resources for the government to urge another court to dismiss a case on the ground that we have adequate jurisdiction to decide the issues and then, after the other court has transferred the case here, to seek dismissal on the ground of our lack of jurisdiction.

*Clark v. United States,* 229 Ct.Cl. 570, 576–77 (1981). While the court believes that a litigating position which, as here, opens the advocate to criticism that it has whipsawed an opponent should be avoided, the court nevertheless makes its decision based on whether or not it has jurisdiction under applicable law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. at 818, 108 S.Ct. 2166.

### F. Conclusion

For the foregoing reasons, plaintiff's motion to retransfer is GRANTED. The Clerk of the Court shall retransfer the case to the United States District Court for the Eastern District of Louisiana. *See* 28 U.S.C. § 1631.

IT IS SO ORDERED.

---

3. Defendant argues that *Caterpillar* is inapplicable because the court was discussing § 1292(b) rather than § 1292(d)(4)(A) of Title 28. Defendant argues that under § 1292(b) the interlocutory appeal is discretionary with the district court judge because it requires the judge to make an initial determination of whether or not the issue involves a controlling question of law before the litigant can take the appeal, whereas the appeal under § 1292(d)(4)(A) has no such requirement. Therefore, according to defendant, § 1292(d)(4)(A) is mandatory, not discretionary. The court fails to see how this distinction between these two sections leads to the conclusion that § 1292(d)(4)(A) is mandatory. Moreover, defendant fails to provide any convincing authority for such a proposition. The court believes that sections 1292(b) and 1292(d)(4)(A) are sufficiently similar that Supreme Court precedent interpreting § 1292(b) is persuasive.