Daniel TAYLOR, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–345C.

United States Court of Federal Claims.

Nov. 18, 2002.

George A. Wheeler, Kansas City, MO, attorney for Plaintiffs.

James H. Holl III, Washington, D.C., attorney for Defendant.

### OPINION

WILSON, Judge.

Pending before the Court is defendant's Motion to Dismiss for lack of subject matter jurisdiction and plaintiff's Motion to Transfer. At issue is plaintiff's claim for breach of an EEO settlement agreement. Plaintiff's complaint alleges that the Postal Service breached a 1988 settlement agreement by failing to grant plaintiff annual and sick leave, change plaintiff's seniority date and adjust plaintiff's salary, and seeks $200,000 in damages and $50,000 in attorney's fees. Defendant denies that the settlement agreement was breached and argues that this Court lacks jurisdiction to decide plaintiff's claim. Defendant contends that plaintiff's entry date and grade level have been adjusted and that adjustments to annual and sick leave and seniority were not covered by the settlement agreement. If the Court determines that it lacks jurisdiction, the plaintiff requests that the Court transfer rather than dismiss the case. For the reasons discussed

below, the defendant's motion to dismiss is DENIED and plaintiff's motion to transfer is GRANTED.

## BACKGROUND

In 1984, plaintiff applied for a position as a distribution clerk with the U.S. Postal Service and the examining physician found him unfit for the position. In 1985, plaintiff filed an EEO handicap discrimination claim against the Postal Service alleging discrimination based on plaintiff's disclosure of prior back problems to the examining physician. The parties reached agreement in December 1987 and signed a settlement agreement in January 1988. The settlement agreement allowed plaintiff a new pre-employment physical, a choice of positions (if certified by the examining physician), back pay, an adjusted entry date and a step increase reflecting his adjusted entry date. The agreement waived all future claims against the Postal Service but contained a clause allowing plaintiff to request reinstatement of the EEO complaint in the event of noncompliance by the Postal Service.

On April 4, 1988, plaintiff requested reinstatement of his EEO complaint on the grounds that his salary did not reflect the step increase and he was entitled to annual and sick leave based on his adjusted entry date. On May 18, 1988, the Postal Service denied plaintiff's request in a final agency decision based on correction of the error in his step increase and the absence of any provision in the settlement agreement requiring an award of annual and sick leave. (Pl. Resp. to Def. Mot. to Dismiss or in the Alternative Mot. to Transfer, App. at Tab 12 (Final Agency Decision, April 4, 1988)). Final agency decisions are appealable in United States district court if filed within 30 days of receipt. 42 U.S.C. § 2000e—16(c) (2002); 29 C.F.R. § 1614.310 (2002). Plaintiff did not file an appeal.

In August 1990, plaintiff again asked that his EEO complaint be reinstated. This time, plaintiff claimed the settlement agreement had been breached because his craft seniority date did not reflect his enter on duty date.[1] On October 17, 1990, the Postal Service denied the request in a final agency decision on the grounds that the settlement agreement did not require that his seniority date reflect his enter on duty date and seniority is governed by the terms of the Postal Service bargaining agreement. (Pl. Resp. to Def. Mot. to Dismiss or in the Alternative Mot. to Transfer, App. at Tab 15 (Final Agency Decision, October 17, 1990)).

On October 29, 1990, plaintiff appealed the final agency decision in the U.S. District Court for the District of Kansas. On April 19, 1993, the district court transferred the case to this Court based on a lack of jurisdiction to decide a claim that sounded in contract. (Memorandum and Order, *Daniel Taylor v. Marvin Runyon, Postmaster General,* (No. 90–2410–DES) (D. Kansas 1993)). Unfortunately, the Court of Federal Claims did not receive the files until June 8, 2001 and the complaint was not filed in this Court until October 13, 2001.

## ANALYSIS

Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of the plaintiff's claims. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.") Where the Court's jurisdiction is challenged, the nonmoving party "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army and Air Force Exchange Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). If the Court finds jurisdiction lacking as a matter of law, dismissal is required. *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The jurisdiction of the Court is limited to "the metes and bounds of

---

1. Pursuant to the terms of the bargaining agreement between plaintiff's union and the Postal Service, seniority accrues from the date that an employee receives a career appointment within a craft. The union has the exclusive right to enforce the seniority provisions in the bargaining agreement by means of binding arbitration. (Pl. Resp. to Def. Mot. to Dismiss or in the Alternative Mot. to Transfer, App. at Tab 17 (Union Agreement)).

the United States' consent to be sued in its waiver of [sovereign] immunity." *RHI Holdings, Inc. v. United States,* 142 F.3d 1459, 1461 (Fed.Cir.1998).

This Court is a court of limited jurisdiction. Absent consent to entertain a claim against the United States, the Court lacks authority to grant relief. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Congressional consent to suit acts as a waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Waivers of sovereign immunity must be explicit and cannot be implied. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The Tucker Act provides that this Court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000).

The Court's jurisdiction over discrimination claims is limited by Title VII, which provides the exclusive remedy for race, color, sex, or handicap discrimination claims, and places jurisdictional review in the federal district courts. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Jackson v. United States,* 10 Cl.Ct. 691, 694 (1986). The Supreme Court has also held that when such a specific and comprehensive scheme for administrative and judicial review is provided by Congress, the Court of Federal Claims' Tucker Act jurisdiction over the subject matter covered by the scheme is preempted. *United States v. Fausto,* 484 U.S. 439, 454–55, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)

(Tucker Act jurisdiction is preempted because the claim falls under a "comprehensive and integrated review scheme" pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701); *St. Vincent's Med. Ctr. v. United States,* 32 F.3d 548, 549–50 (Fed.Cir.1994); *see also; Appalachian Reg'l Healthcare, Inc. v. United States,* 999 F.2d 1573, 1577 (Fed. Cir.1993).[2]

▮ In *Lee v. United States,* 33 Fed.Cl. 374 (1995), the Court of Federal Claims recognized that Title VII is such a comprehensive statutory scheme and therefore, the Court lacks jurisdiction to entertain an action alleging noncompliance with a Title VIII settlement agreement. *Lee,* 33 Fed.Cl. at 379; *see also Mitchell v. United States,* 44 Fed.Cl. 437 (1999) (the Court of Federal Claims has no jurisdiction to enforce settlement agreement reached between employee and his federal employer to settle a claim of discrimination based on disability in violation of Rehabilitation Act (29 U.S.C. § 791)); *Canonica v. United States,* 41 Fed.Cl. 516, 523 (1998) (Title VII jurisdiction rests exclusively with federal district courts); 42 U.S.C. § 2000e–5(f)(3); 29 U.S.C. § 794a(a)(1). Although plaintiff's claims are grounded in the Rehabilitation Act of 1973, Title VII's remedies are extended to claims of discrimination under the Rehabilitation Act of 1973. 29 U.S.C. § 794a(a)(1) (2002).

To determine if jurisdiction over a claim is preempted, the Court must decide whether the claim is an "action or proceeding" under Title VII or a breach of contract claim. *Lee,* 33 Fed.Cl. at 379. In *Fausto v. United States,* 16 Cl.Ct. 750 (1989), an unrelated case involving the same plaintiff as the Supreme Court case, this Court held that a Title VII settlement agreement is not a contract and therefore, the Court lacked jurisdiction over a

---

**2.** Plaintiff's claim is distinguishable from other cases in which the court has found an exception to the Supreme Court's holding in *Fausto.* Courts have held that when the claim is not "specifically covered" by the comprehensive statutory scheme at issue, this Court may exercise jurisdiction over the claim. *Romero v. United States,* 38 F.3d 1204, 1211 (Fed.Cir.1994) (Plaintiff's back pay claim is not "covered" by CSRA and thus *Fausto* is inapplicable); *Bosco v. United States,* 931 F.2d 879, 883 (Fed.Cir.1991), aff'd on

reh'g, 976 F.2d 710, 712 (Fed.Cir.1992) (discussing the holding in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) as applying only to adverse personnel actions specifically covered by the CSRA). Plaintiff's claim is distinguishable because it is "specifically covered" by Title VII and because the statute and federal rules provide judicial review by district court of final agency decisions. 42 U.S.C. § 2000e–5(3); 29 C.F.R. § 1614.310.

claim arising from such an agreement. *Fausto,* 16 Cl.Ct. at 753 ("[P]laintiff's settlement agreement is the direct result of his discrimination claim. Thus, plaintiff does not request this court to enforce an independent contract claim, but a Title VII discrimination claim.") The U.S. District Court for the District of Columbia has similarly invoked the "common sense view that an action to enforce a Title VII settlement is an action brought under Title VII itself." *Robles v. United States,* No. 84–3635, 1990 WL 155545 (D.D.C.1990).

■ Having determined that this Court lacks jurisdiction over plaintiff's claim, the Court must decide whether to dismiss or transfer the case. If the Court finds jurisdiction lacking as a matter of law, dismissal is required. *Ex Parte McCardle,* 74 U.S. (7 Wall.) at 514, 19 L.Ed. 264 (1868); *Thoen v. United States,* 765 F.2d 1110, 1116 (Fed.Cir. 1985). However, when it is in the interest of justice, a court shall transfer a case. 28 U.S.C. § 1631 (1982); *Omega World Travel v. United States,* 9 Cl.Ct. 623, 628 (1986). "Whether a case should be transferred to a district court lies within the sound discretion of the court." *Busby School v. United States,* 8 Cl.Ct. 588, 595 (1985). Pursuant to 28 U.S.C. § 1631[3], three factors must be present to transfer a case. The transferring court must lack jurisdiction, the case must be one that could have been brought in district court at the time of the filing and the transfer must be in the interest of justice. *Jackson v. United States,* 10 Cl.Ct. 691, 695 (1986).

■ The Federal Circuit discourages retransfer of cases. *Rodriguez v. United States,* 862 F.2d 1558, 1560 (Fed.Cir.1988) ("a transfer order should not be reviewed by the transferee court where such review would undermine the benefits of the 'law of the case' rule.") This Court has also discouraged retransferring a case back to district court when the transfer would be futile. *Little River Lumber Co. v. United States,* 7 Cl.Ct.

492, 494 (1985) ("If the District Court most probably would lack, or find a lack of jurisdiction over the case then the case should not be transferred or retransferred since it would not serve the interests of justice to do so."). However, the preference against retransfer is merely that—a preference. *Rodriguez,* 862 F.2d at 1560 ("[T]here is no per se rule against return of a transferred cased by the transferee court.") The law of the case doctrine is not a limit on a court's power to reopen what has already been decided but rather the doctrine expresses the general practice of courts not to do so. *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 813, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). The return of a transferred case by the transferee court is appropriate in exceptional circumstances. *Drury v. United States,* 52 Fed.Cl. 402, 404 (2002). "A transferor court's decision to transfer upon making a jurisdictional determination should not be disturbed by the transferee court unless the transfer decision was clearly erroneous and would work a manifest injustice." *Rodriguez,* 862 F.2d at 1560 *relying on Christianson,* 486 U.S. at 813, 108 S.Ct. 2166.

In this case, retransfer would not be futile and would not undermine the benefits of the law of the case doctrine. The district court is the arbiter of its own jurisdiction. *Omega Travel,* 9 Cl.Ct. at 628. However, the Court of Federal Claims decided *Lee* after this case was transferred by the District Court and before the complaint in this Court was filed. Thus the District Court's decision that it lacked jurisdiction and that the claim is properly in this Court does not comport with an intervening change in the law. *Lee,* 33 Fed. Cl. 374; *see also McCauley v. United States,* 38 Fed.Cl. 250 (1997) ("It is well settled that this court does not have jurisdiction over civil rights claims brought under Title VII."), *aff'd,* 152 F.3d 948, 1998 WL 224949 (Fed. Cir.1998) (table case), *cert. denied,* 525 U.S. 1032, 119 S.Ct. 574, 142 L.Ed.2d 478 (1998) *and reh'g denied,* 525 U.S. 1173, 119 S.Ct. 1102, 143 L.Ed.2d 101 (1999).

---

3. The statute provides, in pertinent part: "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed."

Here, the interest of justice is served by retransferring this case back to the District Court because of the intervening change in the law and to provide plaintiff with judicial review in the appropriate court. The Court also finds that plaintiff's failure to file an interlocutory appeal of the district court's order did not constitute a waiver of plaintiff's right to seek retransfer of the case. *Drury*, 52 Fed.Cl. at 405; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

Defendant also argues this court cannot grant declaratory relief for plaintiff's seniority claim because is it not collateral or incident to a money claim. 28 U.S.C. 1491(a)(2). "Traditionally, this Court's jurisdiction has been limited to monetary claims and does not extend to declaratory relief." *Made in the USA v. United States*, 51 Fed.Cl. 252, 256 (2001). There is no provision that allows the Court to exercise jurisdiction when the equitable relief requested is unrelated to the claim for monetary relief. *Bobula v. United States Department of Justice*, 970 F.2d 854, 859 (Fed.Cir.1992) ("While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental to and collateral to a claim for money damages."); 28 U.S.C. § 1491(a)(2) (2000).

## CONCLUSION

For the reasons discussed above, the Court GRANTS plaintiff's Motion for Transfer to the United States District Court for the District of Kansas. Defendant's Motion to Dismiss is DENIED. The Court directs the clerk to promptly retransfer the case to the United States District Court for the District of Kansas.

**IT IS SO ORDERED.**