**Perry FAISON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 11–404 C.**

United States Court of Federal Claims.

Jan. 4, 2012.

Perry Faison, Commerce, GA, pro se.

Michael D. Snyder, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director, Commercial Litiga-

tion Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

### OPINION and ORDER

HEWITT, Chief Judge.

## I. Background

Before the court are plaintiff's Complaint (Complaint or Compl.), Docket Number (Dkt. No.) 1, filed June 20, 2011; Defendant's Motion to Dismiss (defendant's Motion or Def.'s Mot.), Dkt. No. 9, filed September 16, 2011; Brief of the Plaintiff in Opp[o]sition to Defendant's Motion to Dismiss for Summary Judg[ ]ment (plaintiff's Response or Pl.'s Resp.) Dkt. No. 12, filed October 11, 2011; Defendant's Reply in Support of Motion to Dismiss (defendant's Reply or Def.'s Reply), Dkt. No. 13, filed October 26, 2011; and Plaintiff['s] Response in Opposition to Defendant['] s Motion to Dismiss (plaintiff's Sur-Reply or Pl.'s Sur-Reply), Dkt. No. 15, filed November 14, 2011. Plaintiff challenges the United States Department of Education's decision to reinstate his federal student loans. *See* Compl. *passim.*

In his Complaint,[1] plaintiff states that he submitted an "application for Total and Permanent Disability of student loans" in 2006.

*Id.* ¶ 7. According to plaintiff, his application was subsequently "approved by Student Loan Lender Great Lakes and submitted to the Department of Education." *Id.* "On May 6, 2010 Plaintiff was informed in a letter from the Department of Education that he no longer qualified for Total and Permanent Disability." *Id.* ¶ 8. In April 2011 plaintiff's student loans were reinstated. *Id.* ¶ 13. Plaintiff now "seeks judicial review of the Department of Education's administrative decision" under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500–706 (2006). *Id.* ¶ 14. In particular, plaintiff seeks "an order to [t]he Department of Education to discharge his federally funded guaranteed student loans," "compensation ... in the amount of $500,000 for violations of the Plaintiff['s] due process rights" and "an injunction enjoining the defendant from any collection." *Id.* ¶ 19. Plaintiff also requests that the court "transfer his complaint to the United States [District Court for the Middle District of Georgia]" pursuant to 28 U.S.C. § 1631 (2006).[2] Pl.'s Resp. 3; *see also* Pl.'s Sur-Reply 3.

Defendant argues in its Motion that "plaintiff's claims should be dismissed because this Court does not have jurisdiction to entertain them" pursuant to Rule of the United States

---

1. The caption of plaintiff's Complaint names as defendant "Arn[e] Duncan, Secy. of the Dept. [o]f Education." Pl.'s Compl., Docket Number (Dkt. No.) 1, at 1. In his motion to proceed in forma pauperis, plaintiff changed the caption to name "The United States Department of Education" as defendant, *see* Application to Proceed In Forma Pauperis, Dkt. No. 3, and in all other filings plaintiff has listed the United States as defendant, *see generally* Brief of the Pl. in Opp. to Def.'s Mot. to Dismiss for Summary J. (Pl.'s Resp.), Dkt. No. 12; Pl.['s] Resp. in Opp. to Def.'s Mot. to Dismiss (Pl.'s Sur-Reply), Dkt. No. 15. Claims for relief against any party other than the United States, including officers of the United States government, "must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *see Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997) ("The Tucker Act grants the [United States] Court of Federal Claims [(Court of Federal Claims)] jurisdiction over suits . against the United States, not against individual federal officials."). To the extent that plaintiff is alleging claims against the United States Secretary of Education (Secretary of Education) in his individual capacity, that

claim must be dismissed for lack of jurisdiction. However, because Mr. Faison is entitled to the liberal construction of his pleadings as a pro se litigant, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and because in the substance of his filings plaintiff attempts to state a claim against the United States (later changing the caption of his filings to so indicate), the court will consider whether it has subject matter jurisdiction over plaintiff's claim against the United States, *see Naskar v. United States,* 82 Fed.Cl. 319, 320 (2008) ("[R]egardless of how a plaintiff frames a complaint, this court must look at the 'true nature' of the claim." (quoting *Puget Sound Energy, Inc. v. United States,* 47 Fed.Cl. 506, 510 (2000))).

2. In his Response, plaintiff requests transfer "[p]ursuant to 28 U.S.C. § 1500." Pl.'s Resp. 1. However, plaintiff refers to 28 U.S.C. § 1631 in his Sur-Reply. *See* Pl.'s Sur-Reply 1. Because 28 U.S.C. § 1500 does not afford the court the power to transfer a case, and because 28 U.S.C. § 1631 does provide the court the power to transfer a case, *see infra* Part II.B, the court will only consider whether transfer of plaintiff's case is appropriate under 28 U.S.C. § 1631.

Court of Federal Claims (RCFC) 12(b)(1). Def.'s Mot. 1, 3. In particular, defendant argues that "the APA cannot be construed fairly as mandating the payment of money," *id.* at 5–6, and that the court lacks jurisdiction to issue a declaratory judgment or grant injunctive relief in the context of plaintiff's suit, *id.* at 6.

## II. Legal Standards

### A. Dismissal for Lack of Subject Matter Jurisdiction

■■■ "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004); *see also Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1369 (Fed. Cir.2004) ("Subject matter jurisdiction is an inquiry that this court must raise *sua sponte,* even where, as here, neither party has raised this issue."). A plaintiff must prove by a preponderance of the evidence that the court has jurisdiction to consider his claim. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). "In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" *Folden,* 379 F.3d at 1354 (quoting *Shearin v. United States,* 992 F.2d 1195, 1195–96 (Fed.Cir.1993)). Although complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se plaintiffs nevertheless must meet jurisdictional requirements, *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

■■■ The Tucker Act provides that this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages, *see United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), but does not confer any substantive rights upon a plaintiff, *see United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision, in order for the case to proceed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1306 (Fed.Cir.2008).

### B. Transfer for Lack of Subject Matter Jurisdiction

■■■ Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. 28 U.S.C. § 1631; *see Rodriguez v. United States,* 862 F.2d 1558, 1559–60 (Fed.Cir.1988) (citing *Town of N. Bonneville, Wash. v. U.S. District Court (N. Bonneville),* 732 F.2d 747, 750 (9th Cir.1984)) (noting that the three-part test is applicable when addressing a motion to transfer an action originally brought in the Court of Federal Claims, while finding that the Court of Federal Claims incorrectly applied the three-part test to Rodriguez's motion to re-transfer a case brought originally in federal district court).

## III. Discussion

For the following reasons, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3). The court finds that transfer of plaintiff's case to another federal court is not in the interest of justice because plaintiff has an ongoing case (nearly identical in substance to his Complaint) in the United States District Court for the Northern District of Georgia. *Compare* Compl. *with* Compl., Dkt. No. 1, *Faison*

*v. U.S. Dep't of Educ.*, No. 2:11–cv–269–WCO (N.D.Ga.).

### A. The Court Does Not Have Jurisdiction Over Plaintiff's Claim

#### 1. The Statutes, Regulations and Constitutional Provisions Relied on by Plaintiff Are Not Money–Mandating

██ "When a complaint is filed alleging a Tucker Act claim based on a Constitutional provision, statute, or regulation, the trial court at the outset shall determine, either in response to a motion by the Government or *sua sponte* ... whether the Constitutional provision, statute, or regulation is one that is money-mandating." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005) (en banc) (citation omitted). The court lacks jurisdiction over plaintiff's claims because the statutes, regulations and constitutional provisions upon which plaintiff bases his claims are not money-mandating.

##### a. This Court Lacks Jurisdiction Over Plaintiff's Claim Under the APA

██ Plaintiff seeks review of the Department of Education's decision under the APA. *See* Compl. ¶ 14. However, the APA "is not a money mandating statute." *Banerjee v. United States*, 77 Fed.Cl. 522, 534 (2007). "[T]he APA does not authorize an award of money damages at all; to the contrary, section 10(a) of the APA, 5 U.S.C. § 702, specifically limits the Act to actions 'seeking relief other than money damages.' " *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed.Cir.2006). Moreover, the APA grants jurisdiction over judicial review of final agency decisions to the United States district courts and not the United States Court of Federal Claims (Court of Federal Claims). *See McNabb v. United States*, 54 Fed.Cl. 759, 767 (2002); *cf. Martinez v. United States*, 333 F.3d 1295, 1313 (Fed.Cir.2003) (en banc) ("[T]he Court of Federal Claims lacks APA jurisdiction." (citing *Murphy v. United States*, 993 F.2d 871, 874 (Fed.Cir.1993)

("[T]he Claims Court has no authority to invoke the APA."))). Plaintiff's APA claims must be dismissed for lack of jurisdiction.

##### b. The Court Lacks Jurisdiction Over Plaintiff's Claims Based on Regulations and Statutory Provisions Related to Student Loan Discharge

██ Plaintiff argues that he is entitled to discharge of his student loan debt under 20 U.S.C. § 1087 and 34 C.F.R. § 685.213 (2010). Compl. ¶¶ 17–19. Because neither the statute nor the regulation is money-mandating, the court does not have jurisdiction over plaintiff's claims under these provisions. *See Intersport Fashions W., Inc. v. United States*, 84 Fed.Cl. 454, 456 (2008) (stating that, if the regulation or statute "relied on by plaintiff as the basis of a claim is not reasonably amenable to being interpreted to constitute a money-mandating source, this court must dismiss the claim due to the lack of subject matter jurisdiction"). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].' " *Fisher*, 402 F.3d at 1173 (alterations in original) (quoting *Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961). The statutory provision and regulation relied on by plaintiff cannot be fairly interpreted as money mandating because neither provides a substantive right of recovery to any claimant, including plaintiff. *Cf. Spehr v. United States*, 51 Fed.Cl. 69, 93 (2001) (finding 18 U.S.C. § 245(b)(i)(B)–(C) not to be money mandating because its provisions do not confer "a substantive right to recover money damages against the United States"); *Pac. Nat'l Cellular v. United States*, 41 Fed.Cl. 20, 30 (1998) (finding that the Paperwork Reduction Act was not money mandating because "[n]othing in the statute creates an entitlement in any individual or entity to collect money from the sovereign").

Section 1087(a)(1) of Title 20 of the United States Code [3] provides that if a student bor-

---

**3.** 20 U.S.C. § 1087(a)(1) (which appears to be the disability-related discharge provision relied upon by plaintiff) states in full:

If a student borrower who has received a loan described in subparagraph (A) or (B) of section 1078(a)(1) of this title dies or becomes permanently and totally disabled (as determined in

rower dies or becomes permanently and totally disabled, the United States Secretary of Education (Secretary of Education) "shall discharge the borrower's liability on the loan by repaying the amount owed on the loan." 20 U.S.C. § 1087(a)(1). The statute also permits the Secretary of Education to reinstate a loan payment obligation in certain cases. *Id.* The statute cannot fairly be read as conferring upon a disabled borrower "a substantive right to recover money damages against the United States." *See Spehr*, 51 Fed.Cl. at 81, 93. Similarly, 34 C.F.R. § 685.213(b) outlines the process by which an individual seeking total and permanent disability discharge applies for discharge, the process by which the Secretary of Education considers and grants such applications, the circumstances under which the Secretary of Education can reinstate a loan and the borrower's responsibilities once he has received a total and permanent disability discharge. 34 C.F.R. § 685.213(b). The statute nowhere confers upon a disabled borrower "a substantive right to recover money damages against the United States." *Spehr*, 51 Fed.Cl. at 81, 93.

The statute and regulation also vest the Secretary of Education with substantial discretion in determining whether an individual is totally and permanently disabled and whether to grant a discharge. *See* 20 U.S.C. § 1087(a)(1); 34 C.F.R. § 685.213(b)(2). The statute states that the Secretary of Education "shall discharge the borrower's liability on the loan by repaying the amount owed on the loan" if the borrower "becomes permanently and totally disabled (as determined in accordance with regulations of the Secretary)." 20 U.S.C. § 1087(a)(1). The regulation states that "[i]f, after reviewing the borrower's application, the Secretary determines that the certification provided by the borrower supports the conclusion that the borrower meets the criteria for a total and permanent disability discharge ... the borrower is considered totally and permanently disabled." 34 C.F.R. § 685.213(b)(2)(i).[4]

In a similar context, the Court of Federal Claims has determined that the statutory grant of discretion to a government official in determining when to waive a debt defeated the interpretation of the statute as money-mandating. In *Lawrence v. United States*, the court considered whether 5 U.S.C. § 5584, a statute permitting an authorized government official to waive a claim of the United States against a person arising out of a mistaken payment to an employee, could fairly be interpreted as mandating the payment of money. 69 Fed.Cl. 550, 554–56 (2006); *see* 5 U.S.C. § 5584 (2006). The court concluded that "[t]he statute authorizing waiver by the agency, 5 U.S.C. § 5584, commits the decision whether to waive an employee's debt to the discretion of the agency and does not create the right to money damages." *Lawrence*, 69 Fed.Cl. at 554–55; *see also Woodruff v. United States*, 80 Fed. Cl. 806, 813 (2008) ("Therefore, 5 U.S.C. § 5584 does not mandate the payment of money.").

accordance with regulations of the Secretary), or if a student borrower who has received such a loan is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, has lasted for a continuous period of not less than 60 months, or can be expected to last for a continuous period of not less than 60 months then the Secretary shall discharge the borrower's liability on the loan by repaying the amount owed on the loan. The Secretary may develop such safeguards as the Secretary determines necessary to prevent fraud and abuse in the discharge of liability under this subsection. Notwithstanding any other provision of this subsection, the Secretary may promulgate regulations to reinstate the obligation of, and resume collection on, loans discharged under this subsection in any case in which—

(A) a borrower received a discharge of liability under this subsection and after the discharge the borrower—
(i) receives a loan made, insured, or guaranteed under this subchapter and part C of subchapter I of chapter 34 of Title 42; or
(ii) has earned income in excess of the poverty line; or
(B) the Secretary determines the reinstatement and resumption to be necessary.
20 U.S.C. § 1087(a)(1) (2006).

4. The statute also provides the Secretary of Education with discretion to "promulgate regulations to reinstate the obligation of, and resume collection on, loans discharged under this subsection in any case in which ... the Secretary determines the reinstatement and resumption to be necessary." 20 U.S.C. § 1087(a)(1).

As with 5 U.S.C. § 5584, 20 U.S.C. § 1087(a)(1) and 34 C.F.R. § 685.213 commit substantial discretion to the agency to decide whether a borrower should receive total and permanent disability discharge. This discretion renders 20 U.S.C. § 1087(a)(1) and 34 C.F.R. § 685.213 non-money-mandating, *see Fisher,* 402 F.3d at 1173; *Lawrence,* 69 Fed. Cl. at 554–55, and the court lacks jurisdiction over plaintiff's claims based on this statute and regulation.

### c. The Court Lacks Jurisdiction to Consider Plaintiff's Due Process Claim

 Plaintiff seeks "compensation ... in the amount of $500,000 for violations of the Plaintiff['s] due process rights," relying on a case decided by the United States District Court for the Western District of Missouri.[5] Compl. ¶ 19; *see generally Higgins v. Spellings,* 663 F.Supp.2d 788 (W.D.Mo.2009). However, "the Due Process Clauses of the Fifth and Fourteenth Amendments ... [are not] sufficient bas[es] for jurisdiction because they do not mandate payment of money by the government." *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995); *see also James v. Caldera,* 159 F.3d 573, 581 (Fed. Cir.1998) (stating that the Court of Federal Claims lacks jurisdiction over Fifth Amendment due process claims); *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994) ("[T]he due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation."). Because the relevant

constitutional provisions are not money-mandating, the court lacks jurisdiction over plaintiff's due process claim.

### 2. This Court Lacks Jurisdiction to Provide Plaintiff With Declaratory or Injunctive Relief

Plaintiff requests that the court "issue an injunction enjoining the defendant from any collection" of his student loan debt. Compl. ¶ 19. Plaintiff also seeks a declaratory judgment, requesting the court to "issue an order to [t]he Department of Education to discharge his federally funded guaranteed student loans." *Id.*

 "This Court may issue declaratory judgments or offer equitable relief only under an express grant of such jurisdiction in a federal statute." *Leitner v. United States,* 92 Fed.Cl. 220, 223 (2010) (citing *Testan,* 424 U.S. at 398, 96 S.Ct. 948; *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). In other words, "The Court of Federal Claims may grant equitable relief ancillary only to those claims for monetary relief over which it has jurisdiction." *Treece v. United States,* 96 Fed.Cl. 226, 232 (2010) (citing 28 U.S.C. § 1491(a)(2), (b)(2)); *Acceptance Ins. Cos. v. United States,* 503 F.3d 1328, 1338 (Fed.Cir.2007). Because the Court of Federal Claims does not have jurisdiction over plaintiff's monetary claim for due process violations, *see supra* Part III.A.1.c; *LeBlanc,* 50 F.3d at 1028, the court also lacks jurisdiction over plaintiff's claims for injunctive and declaratory relief.

---

5. In *Higgins v. Spellings,* 663 F.Supp.2d 788, 789, 791 (W.D.Mo.2009), the plaintiffs sought judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 500–706 (2006), of the United States Department of Education's (Department of Education) administrative decision "denying their applications for discharge of their federally-guaranteed student loans" on the basis of permanent and total disability. The plaintiffs alleged that the Department of Education had denied them their Fifth Amendment procedural due process rights in denying their claim for disability discharge. *Id.* at 792. The district court in *Higgins* concluded that the plaintiffs "were denied due process in the evaluation of their disability discharge adjudications," in particular that the plaintiffs "were not given a meaningful opportunity to support their claims with additional evidence, they were not advised of what additional evidence was needed to es-

tablish their claim and they were not provided with adequate notice of the reasons for their denial." *Id.* at 799. The most important distinction between plaintiff's case and *Higgins* is that the district court in *Higgins* had jurisdiction to consider the plaintiffs' APA and procedural due process claims, whereas this court may neither consider constitutional due process claims, *see LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (stating that the due process clauses of the Fifth and Fourteenth Amendments are not money-mandating and cannot provide jurisdiction to the Court of Federal Claims), nor review challenges to agency actions under the APA, *see, e.g., Wopsock v. Natchees,* 454 F.3d 1327, 1333 (Fed.Cir.2006) ("[T]he APA does not authorize an award of money damages at all...."); *Murphy v. United States,* 993 F.2d 871, 874 (Fed.Cir.1993) ("[T]he [Court of Federal Claims] has no authority to invoke the APA.").

### B. Transfer of Plaintiff's Case to Another Court is Not Appropriate

In accordance with statute and precedent the court will consider whether it may transfer plaintiff's claims to another court. *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction).

Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *Rodriguez*, 862 F.2d at 1559–60; *see* 28 U.S.C. § 1631.

The court lacks subject matter jurisdiction over plaintiff's Complaint. *See supra* Part III.A. However, the court need not consider whether Mr. Faison's Complaint could have been brought in the United States District Court for the Middle District of Georgia because plaintiff has already filed a substantially identical complaint seeking the same relief in that court. *Compare* Compl. *with* Compl., Dkt. No. 1, *Faison v. U.S. Dep't of Educ.*, No. 2:11–cv–269–WCO (N.D.Ga.). Because plaintiff has already filed a substantially identical complaint in the court to which he seeks to transfer his case, the court finds that it is not in the interest of justice to transfer plaintiff's case.[6]

### IV. Conclusion

For the foregoing reasons, the court is without jurisdiction over plaintiff's Complaint. Defendant's Motion is therefore GRANTED. The Clerk of Court shall enter *judgment for defendant dismissing plaintiff's* Complaint.

IT IS SO ORDERED.

---

**6.** Plaintiff initially filed a complaint in the United States District Court for the Middle District of Georgia, which was transferred by that court to the United States District Court for the Northern District of Georgia where the case is ongoing. *See* Order of Transfer, Dkt. No. 3, *Faison v. U.S. Dep't of Educ.*, No. 2:11–cv–269–WCO (N.D.Ga.).