NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SHAKEEMAH ARYANAH RICHARDSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2024-1553

———————————

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01365-ZNS, Judge Zachary N. Somers.

———————————

Decided:  November 7, 2025

———————————

SHAKEEMAH ARYANAH RICHARDSON, Stone Mountain, GA, pro se.

IOANA C. MEYER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM.

———————————

Before HUGHES, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

Shakeemah Aryanah Richardson filed suit in the United States Court of Federal Claims seeking damages for, among other claims, an alleged breach of contract. S'Appx 1.[1] The Court of Federal Claims dismissed her suit for lack of jurisdiction. S'Appx 4. Because Ms. Richardson's Notice of Appeal was untimely filed, we lack jurisdiction and dismiss.

I

The Court of Federal Claims issued an order and opinion in Ms. Richardson's case on December 19, 2023. S'Appx 1. It entered judgment against her on December 20, 2023. S'Appx 5.

To be timely, a non-governmental party seeking to appeal an adverse judgment from the Court of Federal Claims must file a notice of appeal within 60 days after that court enters judgment. *See* 28 U.S.C. § 2522 ("Review of a decision of the United States Court of Federal Claims shall be obtained by filing a notice of appeal with the clerk of the Court of Federal Claims within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts."); 28 U.S.C. § 2107(b) (providing that time for filing notice of appeal in any district court action in which United States is a party is 60 days from entry of judgment); Fed. R. App. P. 4(a)(1)(B) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: . . . the United States.").

Ms. Richardson's notice of appeal, then, needed to be filed no later than Tuesday, February 20, 2024. *See* Fed.

---

[1] "S'Appx" refers to the Supplemental Appendix accompanying the government's Informal Brief, ECF No. 17.

R. App. P. 26(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). She did not, however, put her notice in the mail until March 1, and it was received and filed by the court on March 5, 2024. ECF No. 1. It was, therefore, untimely.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and it is not subject to equitable tolling." *Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008) (citing *Bowles*, 551 U.S. at 214). Thus, we lack jurisdiction here and must dismiss Ms. Richardson's appeal.

## II

We have considered Ms. Richardson's remaining arguments and find they do not grant us appellate jurisdiction.[2] Accordingly, her appeal is dismissed.

**DISMISSED**

COSTS

Each party to bear its own costs.

---

[2] Following completion of the merits briefing, Ms. Richardson filed a motion to dismiss, acknowledging this court lacks jurisdiction. ECF No. 25. In that motion, she additionally requests that we transfer her case to the United States District Court for the Northern District of Georgia. *Id.* at 2. But because that court is not "one in which the action could have been brought at the time the claim was filed," and because her appeal is untimely, we are unable to grant this relief. *Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988); *see also* 28 U.S.C. § 2107(b).